# Edmonds's Appeal.

1. Relief will be granted in cases of writings only when there is a plain mistake clearly made out by satisfactory proofs.

2. Relief in cases of writings will not be granted when the evidence is loose, equivocal or contradictory; open to doubt or to opposing presumptions.

3. The proof must be such as will strike all minds alike as being unquestionable and free from reasonable doubt.

October 23d 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Appeal by Jacob Edmonds from the decree of the Court of Common Pleas of *Venango county*: In Equity: No. 132, to October and November Term 1868.

The Cumberland Valley Mutual Protection Company filed a bill against Jacob Edmonds, alleging that on the 13th of September 1862 the defendant made a written application to them for insurance against fire on his buildings and their contents for three years, and in pursuance of the application it was resolved to issue a policy for three years; that by mistake, the scrivener who pre-

pared the policy inserted "five" instead of "three," so that it appeared on the face of the policy that the insurance was to continue for five years; that after the expiration of three years and within five years the property insured was burned, and the defendant has commenced an action, to April Term 1867, against the plaintiffs on the policy, for the recovery of the amount insured. The prayer was that the policy might be cancelled and the defendant restrained from carrying on an action on it.

The answer averred that the premium paid upon the application was for an insurance for five years, and that the agent of the plaintiffs by mistake inserted "three" in the application; other facts to the same effect were alleged, and the answer averred that the plaintiffs had a remedy at law.

The application contained a statement of the property insured, in detail, with the amount insured and the premium on each species; there was written on its face "three years," and attached to it was a premium-note for $180, which referred to the application for insurance and in which it was stated that it was in consideration of policy No. 7624, to be dated September 22d 1862 and issued when the application should be approved. A statement appended to the application showed that part of the premium was made up by part of the premium of an unexpired policy.

The policy was dated September 23d on the property mentioned in the application to which it referred, and was against loss by fire "during the term of five years from the 22d day of September 1862 until the 22d day of September 1867." The plaintiffs gave evidence that the amount paid and allowed for the premium of the old policy and all the entries, &c., on the application indicated that the insurance was to be for *three* years.

The defendant gave evidence by the agent who effected the insurance and drew the application, who stated that at the time the insurance was made the estimate was made for a five years' risk and the defendant paid for such risk; that he recorded the risk in his books first as a *three* years' risk, and having called on defendant about the time it would thus have expired to renew it, and being told it was for five years, he examined policy 7624 and the surrendered policy, made a new calculation and found that the defendant had paid for five years,—he then altered his record of the risk to five years.

There was other evidence on both sides.

The Court of Common Pleas, Trunkey, P. J., dissenting, decreed that the policy be declared void and be delivered up to be cancelled, and that the defendant be enjoined from prosecuting his action on the policy.

The dates of the several proceedings in the Common Pleas did not appear in the paper-books.

The defendant appealed, and assigned the decree for error.

[Edmonds's Appeal.]

*W. L. Corbett* (with whom was *J. D. Hancock*), for appellant.—
A court of equity will not cancel a policy of insurance unless the
mistake is clearly shown: Henkle v. The Royal Exchange Assur-
ance Co., 1 Vesey, Sr., 317; Lyman v. United Assurance Co., 2
Cranch 630; Barnwell v. Boston Marine Insurance Co., Id. 442;
Gillespie v. Moore, 2 J. C. C. R. 597–98; Lyman v. United
Insurance Co., Id. 634; Angell on Insurance 62; 1 Story's Eq.
Jur. 153; Rogers v. Smith, 4 Barr 93; Zentmyer v. Mitmore, 5
Id. 409; Stine v. Sherk, 1 W. & S. 195; Moser v. Lebenguth, 2
Rawle 430; Graham v. Pancoast, 6 Casey 97; Narr v. Boyer,
Id. 99.

This was a question of fact peculiarly for the determination of
a jury, and under proper pleadings the equity could, in this state,
be enforced in a common-law action: Neave v. Jenkins, 2 Yeates
108; Bender v. Fromberger, 4 Dallas 436; Gilden v. Merwin, 6
Whart. 543; Adams' Eq. 492, and cases cited in note.

*A. B. McCalmont* (with whom was *J. M. Bredin*), for appellee.—
The premium-note is the consideration and formed part of the
contract which was for three years: Wilson v. Trumbull M. F.
Ins. Co., 7 Harris 373.

The contract of mutual insurance is indivisible: Viall v. Gene-
see M. Ins. Co., 19 Barb. 440; Frost v. The Saratoga M. Ins.
Co., 5 Denio 154; Smith v. The Saratoga M. Ins. Co., 3 Hill
508. As to reforming a written contract: Baker v. Paine, 1
Vesey 456; Matteaux v. The London Assurance Co., 1 Atkyns
544; Thomas v. Frazer, 3 Vesey 399; Fisher v. Deibert, 4 P. F.
Smith 463; Mitchell v. Lycoming Ins. Co., 1 Id. 402; Yard v.
Patton, 1 Harris 282; Duncan's Appeal, 7 Wright 67; Bright.
Eq. 117, § 119; Eckman v. Eckman, 5 P. F. Smith 273.

The opinion of the court was delivered, October 29th 1868, by
READ, J.—Relief will be granted in cases of written instru-
ments only where there is a plain mistake clearly made out by
satisfactory proofs. But the qualification is most material, since
it cannot fail to operate as a weighty caution upon the minds of
all judges, and it forbids relief whenever the evidence is loose,
equivocal or contradictory, or is in its texture open to doubt, or
to opposing presumptions. Such is the language of Judge Story
in his admirable Commentaries on Equity Jurisprudence. The
proof must be such as will strike all minds alike as being unques-
tionable and free from reasonable doubt.

Such is not the case before us; the evidence is contradictory
and open to doubt, and a plain mistake is not made out by satis-
factory proofs, and this was probably the opinion of the learned
president judge in the court below. The decree must therefore

be reversed and the bill dismissed, but as there is a suit on the common-law side of the court in which this whole question may be raised and decided, the bill is dismissed without prejudice.