# Knight's Estate.

*Deed—Mistake of scrivener—Parol evidence—Evidence.*

An agreement in writing provided for the sale of a piece of land " containing twenty-five acres more or less " for $35.00 per acre.    After the death of the grantor a survey was made and it was found that the tract contained a larger acreage.    In proceedings in the orphans' court, the scrivener of the agreement testified that the words, " not to be surveyed," had been omitted by mistake.    He testified positively that both the vendor and the vendee stated to him that the land was to be described as twenty-five acres more or less and not to be surveyed, or " without survey."    This testimony was corroborated by the scrivener's brother.    The scrivener also testified on cross-examination that he read the paper over to the parties and they said it was all right.    He also said on cross-examination that he wrote the contract the way he was directed to, " twenty-five acres more or less."    *Held* that the evidence was sufficient to sustain a finding by the

auditor confirmed by the orphans' court that the words, "not to be surveyed," were omitted by mistake.

Argued April 21, 1902.    Appeal, No. 48, April T., 1902, by James Knight and Jesse M. Rush, executors of David Knight, deceased, from decree of O. C. Greene Co., Jan. T., 1899, No. 48, dismissing exceptions to auditor's report in estate of David Knight, deceased.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Exception to report of Joseph Patton, Esq., auditor.
The facts appear by the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Frank W. Downey*, for appellants.—The right of having the number of acres in a tract so described ascertained by survey has been determined by this court in quite a number of cases: Bailey v. Snyder, 13 S. & R. 160; Ullom v. Carpenter, 81* Pa. 503; Ardery v. Rowles, 71 Pa. 359.

To vary, change, explain or contradict a written contract, it is necessary to have the testimony of two witnesses, or the testimony of one witness and corroborating circumstances which amount to the testimony of another witness: Dick v. Ireland, 130 Pa. 299; Van Voorhis v. Rea Bros. & Co., 153 Pa. 19; Chase v. Irvin, 87 Pa. 286; Ewing v. Ewing, 96 Pa. 381; Parry v. Parry, 130 Pa. 94; Myers v. Litts, 195 Pa. 595; Shepler v. Scott, 85 Pa. 329; Coen v. Adamson, 11 Atl. Repr. 74; Fisher v. Deibert, 54 Pa. 460; Stine v. Sherk, 1 W. & S. 195; Rearick v. Rearick, 15 Pa. 66; Yaryan v. Penna. Glue Co., 180 Pa. 480.

*T. H. Wilkinson*, of *Wilkinson & Crawford*, for appellee, cited: Wright v. Monongahela Nat. Gas Co., 2 Pa. Superior Ct. 219; Aldridge & Co. v. Eshleman, 46 Pa. 420; Lauchner v. Rex, 20 Pa. 464; Chalfant v. Williams, 35 Pa. 215.

OPINION BY RICE, P. J., May 22, 1902:
The auditor found upon a full and discriminating review and analysis of the evidence that the actual intent of the parties, as

expressed by them at the very time the contract in question was being prepared, was, that David Knight, the testator, was to sell to John T. Knight, the appellee, the land described in the written agreement now in controversy as a twenty-five-acre tract, the same not to be surveyed, but to be paid for at the rate of $35.00 per acre, aggregating $875, and that the words " not to be surveyed " were left out of the written agreement by the scrivener by mistake.    This finding of fact having received the approval of the orphans court cannot be overturned on appeal except for manifest error.    It is urged by the appellants' counsel, that to vary, change, explain or contradict a written contract, it is necessary to have the testimony of two witnesses or the testimony of one witness and corroborating circumstances which amount to the testimony of another witness, that such testimony, to be effective, must be clear, precise and indubitable, and that the testimony in this case is not sufficient either in quantity or quality to warrant a reformation of the instrument by inserting the words " not to be surveyed."   We do not dispute the correctness and applicability of the rule contended for by the appellants' counsel as to the measure and kind of proof required, but we are of opinion that the requirements were fully met.    The scrivener testified that both parties declared to him that the tract was not to be surveyed.    Speaking of the directions given to him by the grantor, he testified:  " He said to describe it, bound it, and said it was to contain twenty-five acres, and not to be surveyed. . . .   Q. When you were writing the number of acres, what words did he tell you to use ?  A.  Said twenty-five acres more or less and not to be surveyed."   Speaking of what the grantee said he testified as follows :  " Q.  In going over did John T. tell you what piece of land and how much it contained?    A.  He told me the piece of land on the north side of the road, and that it was to contain twenty-five acres without survey."    The testimony of this witness is strongly corroborated by that of his brother, who swore that at the very time the contract was being written, the grantor told him " he had agreed to let John T. have it for twenty-five acres and at $35.00 per acre.    He said he was to get it for $875."    The fact that neither party made or demanded a survey in the lifetime of the grantor, while by no means conclu-

sive, is not without significance as showing the construction the parties put upon the contract.

Considerable stress is laid upon the fact that the scrivener testified upon cross-examination that he wrote the contract the way he was directed to, "twenty-five acres more or less," and that after the agreement was written, he read it over to them and they said it was all right. From this it is argued that the witness was uncertain as to what was actually said, and that in giving his testimony he was putting his own interpretation upon the words used by the parties instead of giving the words themselves. We do not so understand his testimony. Throughout the whole of it he insisted that the grantee was to have the tract for twenty-five acres, that that was what the parties said. The doubt, if any, arising from his cross-examination is, not as to what they said and directed, him to write, but as to his interpretation of what he wrote. That he believed then, and when testifying, still believed, that what he wrote was in legal effect the same as if had included the words, "not to be surveyed," is not to be wondered at. He was not a lawyer and had never written an agreement before. So, also, the parties appear to have signed the contract in the belief that it expressed in legal effect the terms upon which they had orally agreed. There is not the slightest evidence outside the paper itself that either had a different intention when the agreement was signed. On the contrary, if the testimony of these witnesses is to be believed, it is clear that they contemplated a sale and purchase of the described tract as and for a twenty-five-acre tract for which the respondent was to pay $35.00 per acre. They signed the contract in the belief that nothing more was required in order to ascertain the price of the whole tract. Whether they failed to notice that the words, "not to be surveyed," were omitted from the agreemeet or through ignorance supposed that the scrivener's omission of them was immaterial, there was a mistake, which the orphans' court, in determining the consideration to be paid and the balance due upon the contract, had power to correct. See Chalfant v. Williams, 35 Pa. 212, Gump's Appeal, 65 Pa. 476, Jenkins v. Davis, 141 Pa. 266, and Wilson v. Ott, 173 Pa. 253. In Huss v. Morris, 63 Pa. 367, Mr. Justice SHARSWOOD said: " Free as the courts have been in admitting parol evidence to correct mistakes, that liberality

has been more particularly exercised in reference to the statement of the consideration not only in correcting what is wrong but in inserting what has been omitted."

The decree is affirmed and appeal dismissed at the costs of the appellants.