## Gailey v. New Castle Elastic Pulp Plaster Company, Appellant.

*Deed—Reformation of deed—Evidence—Equity—Ratification—Corporation.*

In order to reform a deed on the ground of mistake, it must clearly appear by the testimony of witnesses who distinctly remember the facts that a mistake was made, and that the writing does not express the agreement. The testimony must be clear, precise and indubitable, and of such weight and directness as to carry conviction to the mind.

To bind a corporation by a ratification of a preliminary agreement which is omitted by a mutual mistake, it is essential that the corporation have full knowledge of all the facts and circumstances, and also that it was known that it would not be bound without ratification. Such relief is generally withheld unless the parties can be restored substantially to their position at the time the contract was made. If this cannot be done the court will relieve only where the clearest and strongest equity imperatively demands it.

Mistake, to be available in equity, must not have arisen from negligence, where the means of knowledge were easily accessible. The party complaining must have exercised at least the degree of diligence which may fairly be expected from a reasonable person.

A bill in equity to reform a deed to a corporation by inserting a covenant alleged to have been omitted by mutual mistake, will be dismissed, where the answer denies that a mistake was made, and it appears that the plaintiff ignored the omission for several years, and took no steps in the matter until the position of the parties had materially changed, and it does not appear that the scriviner made any mistake in preparing the deed according to instructions, and the plaintiff's only explanation of the omission was, that it was "just through neglect and carelessness."

Argued May 16, 1907. Appeal, No. 199, April T., 1907, by defendant, from decree of C. P. Lawrence Co., Sept. T., 1906, No. 1, on bill in equity in case of Robert C. Gailey v. New Castle Elastic Pulp Plaster Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Bill in equity to reform a deed.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree in favor of the plaintiff.

*J. Norman Martin*, with him *Leonard M. Uber*, for appellant.—The general rule is that a mistake will not be relieved against if it is the result of the party's own negligence, as for instance, where he has not taken trouble to read or to have read to him the paper he was executing: Greenfield's Estate, 14 Pa. 489; Pennsylvania Railroad Co. v. Shay, 82 Pa. 198; Susquehanna Mutual Fire Insurance Co. v. Swank, 102 Pa. 17; Lewis v. Dunlap, 5 Pa. Superior Ct. 625.

In order to justify a decree for reformation in case of pure mistake, it is necessary that the mistake should have been mutual: Bierman v. Lebanon Valley College, 20 Pa. Superior Ct. 133.

To reform a deed the evidence must be clear, precise and indubitable and it must be established that the mistake was mutual; that it continued in the minds of the parties down until the execution of the instrument in question, and the evidence must further show the exact form to which the instrument should conform: Bierman v. Lebanon Valley College, 20 Pa. Superior Ct. 133; Boyertown National Bank v. Hartman, 147 Pa. 558; Rowand v. Finney, 96 Pa. 192; Edmonds's Appeal, 59 Pa. 220.

*Wylie McCaslin*, with him *S. W. Dana* and *Richard F. Dana*, for appellee.—The jurisdiction of equity to reform a deed which by mistake fails to express the intention of the parties at the time, is unquestionable: Cook v. Liston, 192 Pa. 19; Stafford v. Giles, 135 Pa. 411; Baab v. Houser, 203 Pa. 470; Kostenbader v. Peters, 80 Pa. 438; Wright v. Delafield, 23 Barb. (N. Y.) 498; Wanner v. Sisson, 29 N. J. Eq. 141;

Bishop v. Reed, 3 W. & S. 261; Merritt v. Getz, 19 Pa. Superior Ct. 505.

Neither an individual nor an association incorporated or unincorporated can reap the fruits of an agent's unauthorized acts and at the same time repudiate the contract: Meyerhof v. Daniels, 173 Pa. 555; Wayne Title & Trust Co. v. Electric Railway Co., 191 Pa. 90; Wojciechowski v. Johnkowski, 16 Pa. Superior Ct. 444.

OPINION BY ORLADY, J., October 7, 1907:

This bill in equity was filed June 11, 1906, for the purpose of reforming a deed made and delivered by the plaintiff to the defendant, so as to have reserved to the plaintiff, his heirs and assigns, the right to use any siding of a railroad track which might be constructed over the land conveyed, for the use of the plaintiff, his heirs and assigns on the adjoining land owned by him,

The plaintiff was the owner in fee of a tract of land in New Castle, and under a verbal proposition, a sale of a triangular piece of the larger tract was made to certain persons, who had formed a preliminary organization for a corporation, and who subsequently perfected the defendant corporation and who constituted its first board of directors. The deed was executed and delivered June 19, 1900, and was soon thereafter placed on record by the defendant. It is absolute on its face, contains covenants of general warranty, and is without any reservation.

At a meeting of the corporation held July 13, 1900, the plaintiff acted as the presiding officer when the following action in regard to this property was taken, as shown by the minutes, "In the matter of purchase of ground for mill site, it was moved and seconded, that the site offered by the Gailey Lumber Company (the plaintiff) and the conditions and terms as made by them, together with the full description and boundaries of same as fully set forth in deed be accepted. It was then moved and seconded that the president and secretary be instructed to sign the necessary papers to complete the deal; on being put to vote same was carried."

Following this, on July 14, the defendant company executed a mortgage on said land to the plaintiff, who on July 18 assigned the mortgage to Sarah A. Flinn.

The reason urged for the reformation of the deed was the mutual mistake of the parties in not including the reservation of the right and privilege as set out in the bill, and that the deed, by reason thereof, " does not express the agreement and intention of the parties, the omission having been accidentally overlooked by both parties." After the delivery of the deed the plaintiff, being a stockholder and director of the corporation, sold a large amount of the stock owned by him to different persons, without any mention of his claim to said reservation.

The deed and the mortgage were prepared by a prominent member of the bar, who was selected by the plaintiff, and no mention was made of such a reservation or direction given in relation thereto.   R. K. Aiken, Esq. (who was also the attorney of Mrs. Flinn), testified, viz. : " As attorney for Mrs. Flinn, who took the assignment of the mortgage, I was particularly careful with reference to the preparation of the deed and mortgage and feel satisfied would not have omitted anything that would prejudice Mrs. Flinn and her interests, so for that reason I tried to be careful, and have no recollection whatever of omitting anything, but protected everything that was spoken about." It is not suggested that any instructions were given to the counsel to insert any reservation, or that he made any mistake in discharging his duty.   When the plaintiff was asked, " How does it occur that such condition or reservation was not made a part of the deed ? " he replied, " Well, just through neglect and carelessness, I suppose ; " and when asked how long prior to the taking of his testimony, he knew of the omission from the deed, he replied, " Possibly a couple of years."

The testimony clearly shows that there were conversations between certain of the parties prior to the incorporation of the defendant company, but none of the witnessess, except the plaintiff, are at all clear and positive in their recollection of the circumstances, and the claim of mutual mistake is specifically denied in the answer and in the defendant's proof.   No further action was taken in regard thereto until this suit was instituted nearly six years thereafter, during which time the conditions have materially changed.   New stockholders are now interested, and the business of the company is under a different control. The successful assertion of this claim would impair the defendant's property.   The general manager testified as follows:

" Q. With the right of Mr. Gailey to use the siding over that property for running cars up to his property, in your opinion, would that lessen the value of the property? A. Well, it would simply put us out of business.   Q. Well, would it lessen the value of the property in the market?   A. Surely it would for what it is used for."

Making his case as strong as his own testimony will allow, the plain facts remain against him, that he had the deed prepared, executed and delivered it, either without reading it or after reading it, he ignored the omission of the reservation he now seeks to have inserted, and, after having sold of his holdings in the corporation to different persons without any notice of his present contention, he would seriously depreciate their interests.   This he cannot be permitted to do under the facts as he has made them.   Mistake, to be available in equity, must not have arisen from negligence, where the means of knowledge were easily accessible.   The party complaining must have exercised at least the degree of diligence which may fairly be expected from a reasonable person: Kerr on Fraud and Mistake, 407; Grymes v. Sanders, 93 U. S. 55.

It is undoubtedly the law, that where an instrument is drawn and executed which professes, or is intended to carry into execution an agreement previously entered into, but which by mistake of the draftsman, either as to fact or law, does not fulfill that intention, or which violates it, equity will correct the mistake so as to produce a conformity with the instrument intended: Stines v. Hays, 36 N. J. Eq. 364.   But there are no equitable elements sufficiently proved in this case, there was no mistake of scrivener, or grantee, the sole cause being as stated by the plaintiff, "just through neglect and carelessness" or "an oversight and neglect" on his own part.

To bind the corporation, by a ratification of the preliminary agreement which is omitted by a mutual mistake, it is essential that the corporation have full knowledge of all the facts and circumstances, and also that it was known that it would not be bound without ratification: Bell's Gap R. R. Co. v. Christy, 79 Pa. 54; Pittsburg & Steubenville R. R. Co. v. Gazzam, 32 Pa. 340; Tift v. Quaker City National Bank, 141 Pa. 550; Curry v. Claysville Cemetery Association, 5 Pa. Superior Ct. 289.

Such relief is generally withheld unless the parties can be

restored substantially to their position at the time the contract was made: 20 Am. & Eng. Ency. of Law (2d ed.), 820. If this cannot be done, the court will relieve only where the clearest and strongest equity imperatively demands it: Grymes v. Sanders, 93 U. S. 55; 23 Law Co-op., ed. 798; Weller's Appeal, 103 Pa. 594; Moore v. Fire Ins. Co., 199 Pa. 49.

In Graham v. Carnegie Steel Co., 217 Pa. 34, it is stated, and it has been repeatedly so held to be the rule, that: "In order to reform a deed on the ground of mistake, it must clearly appear by the testimony of witnesses who distinctly remember the facts that a mistake was made, and that the writing does not express the agreement. The testimony must be clear, precise and indubitable, and of such weight and directness as to carry conviction to the mind." Vide also Edmonds's Appeal, 59 Pa. 220; Boyertown National Bank v. Hartman, 147 Pa. 558; Highlands v. Railroad Company, 209 Pa. 286; Youngstown Electric Light Company v. Butler County Poor District, 21 Pa. Superior Ct. 95.

Measured by these standards, the testimony falls far short in quality and quantity to warrant the reformation of the deed as prayed for. The fifteenth assignment of error is sustained, the decree is reversed and the bill dismissed with costs to be paid by the appellee.