## Jackson v. Pilachewski et ux.

*Equity—Deed—Mistake in description—Correction of mistake.*

1. Where, by a mistake of a scrivener, a description in a deed is made to read that the lot conveyed is forty feet in width instead of thirty-six feet, and it appears that the grantee knew that the width was to be thirty-six feet, equity will correct the mistake, if the grantor acts promptly, and the grantee is not harmed by the correction.

2. The mistake of a scrivener in preparing a deed or other writing may be shown by parol evidence and the instrument reformed accordingly.

3. In such case, the proof must be such as will strike all minds alike as being unquestionably free from reasonable doubt.

Bill for reformation of deed. C. P. Lackawanna Co., Jan. T., 1926, No. 6, in Equity.

*James P. Wilson* and *Harry Needle*, for plaintiff.

*Taylor & Lewis*, for defendants.

POTTER, P. J., 17th judicial district, specially presiding, Oct. 14, 1926.—The plaintiff was the owner of a lot of ground located in the Borough of Dickson City, in Lackawanna County, which, by deed dated July 20, 1925, he conveyed to the defendants for the consideration of $600. Shortly thereafter, a month or two, he became aware, as he alleges, that a mistake had been

made in drawing the deed in stating the width of the lot to be forty feet instead of thirty-six feet. Apparently no adjustment could be reached between him and his grantees, wherefore he brings this bill in equity and asks that the width of this lot be reformed in the deed to read thirty-six feet instead of forty feet.

Shortly before the execution of this deed the plaintiff and his nephew, Edward Jackson, with William Pilachewski, one of the defendants and the husband of the other defendant, met upon the lot in question to measure off this lot from a larger tract also owned by the plaintiff. He and his nephew handled the tape-line in making measurements and the defendant drove in the stakes marking the boundary. The plaintiff and his nephew both swear they measured the width of the lot at thirty-six feet in the presence of the defendant, and that he drove in the stakes at the thirty-six-foot mark. It seems most incredible that this defendant was there, saw the measurements, drove in the stakes, heard the number called out as measured, and yet did not know the amounts of these measurements. It seems afterwards some of these stakes were removed by children at play, and a post was put in where the thirty-six-foot stake was placed, which now remains there. This fact seems to be sustained by the evidence presented. From the testimony of the defendant husband, which we have carefully read, we think he understood enough English to know what thirty-six feet was, and to know whether thirty-six feet or forty feet were measured, and, being present, it was in his place to know, or to ask and find out. We are willing to allow great latitude in persons of foreign birth not understanding our language, but we must not permit this to be the means of privileges allowed them in court to which they are not entitled.

The plaintiff then employed Harry Needle, Esq., to draw the deed, who gave the necessary instruction to his stenographer, who inadvertently stated the width of the lot to be forty feet instead of thirty-six feet. Mr. Needle testifies that he was told to state the width at thirty-six feet. Elizabeth Jackson, wife of the plaintiff, and Muriel Jackson, his daughter, both testified that one Sunday night William Pilachewski called at their home, said there was a mistake in the deed, that he wanted to give over the land, that he did not want trouble, but that his wife refused to do so.

The defendant, William Pilachewski, says he was to have forty feet, but that he does not know as to the dimensions when the measurements were made. As to him saying to Mrs. Jackson and to her daughter that there was a mistake in the deed, he says: "When I am drunk I don't remember where I go." Rather an evasive reply, to say the least. So he neither affirms or denies this statement, by which we are led to believe he made it. Mrs. Prekseda Pilachewski says the lot was to be forty feet wide, that Jackson said so, but she knows nothing more about the matter. To say the least about it, the testimony of both of these defendants is somewhat garbled and uncertain.

On the one hand, we have the plaintiff, his nephew, his wife, his daughter and the scrivener testifying to a lot thirty-six feet in width in certain terms. On the other hand, we have the two defendants testifying to a forty-foot lot, at least a part of whose testimony is not clear nor convincing.

The plaintiff had also two other lots, or three in all in one tract, which he divided into widths of thirty-six, thirty-six and thirty-seven feet, respectively, and by allowing the lot he sold to the defendants to be forty feet in width, the other two lots would be curtailed in width two feet each. This may be also considered as a factor in establishing the improbability of his selling forty feet in width to the defendants.

Jackson v. Pilachewski et ux.

This plaintiff says he did not read the deed he was called upon to sign, that his same attorney had made out another former deed for him, that he read that one, that it was correct, and he, therefore, thought this one was also correct. While it is true that he could and should repose confidence in his attorney, yet it is equally true that no one ought to affix his signature to any document unless he knows what he is signing. He is presumed to know, and should know.

It is well settled law in this State that the mistake of a scrivener in preparing a deed or other writing may be shown by parol evidence and the instrument reformed accordingly: Huss v. Morris, 63 Pa. 367; Knight's Estate, 20 Pa. Superior Ct. 413. And the evidence necessary to reform a deed on the ground of mistake must be clear, precise and indubitable and of such a character as would move a chancellor to reform a written instrument, and not of such a character as might induce a jury to reform it: Williamson v. Carpenter, 205 Pa. 164. And the proof must be such as will strike all minds alike as being unquestionably free from reasonable doubt: Edmonds's Appeal, 59 Pa. 220.

We have no reasonable doubt but that this lot was to have been thirty-six feet in width, and this we gather from the testimony presented by both sides to this controversy.

From the pleadings and the testimony in this case we arrive at the following

## Findings of fact.

1. That on July 20, 1925, the plaintiff was the owner in fee of the lot in question, who on the same day sold the same to the defendants for the consideration of $600, and that the dimensions of the lot sold were fixed by all parties concerned at 180 feet in depth and thirty-six feet in width.

2. That in the preparation or drawing of the deed the width was set forth therein by mistake at forty feet by the scrivener and that he was instructed to state it as thirty-six feet.

## Conclusions of law.

1. That the plaintiff is entitled to the relief prayed for.
2. That the costs of these proceedings be paid by the defendants.

## Decree.

And now, to wit, Oct. 14, 1926, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows: That the deed given by William Jackson and Elizabeth, his wife, to William Pilachewski and Prekseda Pilachewski, bearing date July 20, 1925, and recorded in the office of the Recorder of Deeds of Lackawanna County, at Scranton, Pennsylvania, in Deed Book No. 351, at page 409, be and the same is hereby reformed according to the true intent and agreement of the parties thereto, so that the width of the lot therein described as forty feet be reformed and changed to be and remain thirty-six feet in width, and the defendants herein are hereby restrained and enjoined perpetually, as well as all other persons in their behalf, from exercising, or attempting to exercise, any and all acts of ownership on or over or in respect to the excess of four feet, or in any manner interfering, or attempting to interfere, with the plaintiff's free and uninterrupted enjoyment and ownership of the same, and that the costs of these proceedings be paid by the defendants.

From William A. Wilcox, Scranton, Pa.