Schwartz et al. *v.* Gingerich, Appellant, et al.

Argued May 8, 1940.

Before CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Robert Ruppin,* with him *Donald B. Waltman,* for appellant.

*Spencer R. Liverant,* for appellees.

OPINION BY HIRT, J., July 19, 1940:

Timalium A. J. Baer in his lifetime owned three pieces of land in North Codorus Township, York County. Purparts A and C were contiguous small lots which, together, contained less than two acres of land. Lot C was vacant and was used as a "truck patch" in connection with lot A, on which there was a dwelling house. These two lots were separated from a third tract of about 75 acres, (which will be referred to as the farm), by the Old Baltimore Road running

north and south and by an east and west highway, meeting the former at right angles. Timalium A. J. Baer, until his death, occupied the dwelling house on lot A and used lot C as a garden in conjunction with it; his widow, Salome Baer, made similar use of both lots until her death. Their son Lloyd C. C. Baer had been in possession of the farm as a tenant under an agreement with his father and had lived in the house erected thereon, since 1917. He with the plaintiffs were the sole heirs of Timalium A. J. Baer and after the father's death he negotiated with plaintiffs and Salome Baer, widow of decedent, for the purchase of the farm. Terms were agreed upon and a deed was delivered which, however, included not only the farm of 75 acres but the lot A as well. The description of the deed did not include lot C. This is an appeal from a decree in equity ordering a reformation of the deed restricting the conveyance to the farm alone. Lloyd C. C. Baer died on November 20, 1927 and all of his heirs are named as defendants.

The chancellor found that the agreement and intention of the parties was that only the land comprising the farm was to be conveyed and that lot A was included in the description of the deed in error and by mutual mistake of fact, and that all of the parties to the deed believed that the description did not include lot A.

Since the findings of the chancellor, approved by the court in banc, upon which the final decree is predicated, have the same force and effect as a verdict of a jury in an action at law, (*Belmont Lab. Inc. v. Heist*, 300 Pa. 542, 151 A. 15), the question involved is whether the finding of mutual mistake is supported by evidence sufficient in law to work a reformation of the deed, to conform with the understanding and agreement of the parties as to the identity and extent of the land to be conveyed. If the finding is based

on sufficient competent evidence, it will not be disturbed on appeal. *Weber v. Kline,* 293 Pa. 85, 141 A. 721. Since the defendants filed a responsive answer, the two witness rule applies. The Act of May 28, 1913, P. L. 358 §1, 12 PS §1222 in abolishing the rule generally, expressly excepts "cases where it is attempted to reform or over-throw a written instrument."

Judge HARVEY A. GROSS, then a practicing lawyer, had represented the estate of Timalium A. J. Baer. He testified that in July 1925, Dora J. Eisenhart, Julian Schwartz and Lloyd C. C. Baer, after the death of their father, came to his office to discuss the settlement of the estate; that Lloyd indicated that he wanted to buy the farm and Judge GROSS advised them to discuss the matter among themselves and come to an agreement as to terms. On August 7, 1925, Lloyd again saw Judge GROSS and reported that a price had been agreed upon. The farm, originally, had been acquired piecemeal and Lloyd had with him the separate deeds for each of the parcels of land conveyed to decedent or his predecessor in title, including the deeds for lots A and C. Lloyd indicated that he was buying only the farm and that lots A and C were to be excluded from the agreement. Judge GROSS in the presence of Lloyd, marked on each of the deeds describing lots A and C, "Mother's home," for the very purpose of identifying them as land reserved from the conveyance. Lloyd submitted another recorded deed, in the chain of title, which both he and Judge GROSS believed to describe the farm only, and this description was mistakenly used in the preparation of the deed which on March 25, 1926 was executed by plaintiffs and Timalium's widow and delivered to Lloyd. In 1934, for the first time it was discovered that the description in that deed included lot A in addition to the farm. The express agreement of the parties, according to the testimony of this witness, was that their mother Salome Baer, the widow of decedent, should con-

tinue to occupy lots A and C and that these lots should not be sold until after her death. She was then in possession and continued to occupy the lots until her death in 1934.

There are a number of corroborating circumstances equivalent to the testimony of a second witness which, with the testimony of Judge GROSS, supply the proof necessary under the two witness rule. Lots A and C were separated from the farm by two public roads; there was nothing on the ground separating them from each other. The dwelling house and other buildings on the farm were adequate for the occupancy of the owner and the operation of the farm. The two lots were useable as one piece of land appurtenant to the dwelling house on lot A and had been so used and occupied by decedent and his widow and the use to which they had been put was not related to the operation of the farm. If it was the intention to convey lot A, it is probable that the adjoining vacant lot C, also, would have been conveyed. After the conveyance, lot A was never assessed as the property of Lloyd C. C. Baer and neither he nor his heirs ever paid any taxes on this lot or made any repairs or improvements. Lloyd occupied the farm continuously from 1917 both before and after the conveyance but never was in possession of the lot A or C and never by any act, asserted ownership of lot A. Salome, Timalium's widow, who lived in the house on lot A and occupied lot C until her death never attorned nor paid rent to Lloyd or his heirs; the insurance on the house was written in the names of the heirs of Timalium A. J. Baer. Her occupancy is consistent with an agreement with all the heirs but is inconsistent with ownership in Lloyd alone, in the absence of evidence of a separate agreement with him. Lot A was not included in the inheritance tax appraisement of the estate of Lloyd C. C. Baer, and the information as to the extent of his land was supplied the

appraisers by the executors of his estate. Lot A, on the contrary, was appraised in the estates of both Timalium and Salome Baer for inheritance tax purposes.

In the record there is the testimony of one witness, Judge GROSS, who except as to unimportant details, distinctly remembered the facts and narrated them in due order, clearly demonstrating that a mistake had been made in the deed. His testimony was clear and precise, and considered with all of the corroborating circumstances, was of such weight and directness as to carry conviction to the mind that lot A was included in the description of the farm by mutual mistake. The proof, including the corroborating circumstances, rises to the degree and quantity required. *Graham v. Carnegie Steel Co.*, 217 Pa. 34, 66 A. 103. Since the elements required for reformation are present, the failure of plaintiffs to discover the variance until 1934, even if negligent, is not fatal to their right to have the deed reformed. *Broida v. Travelers' Ins. Co.*, 316 Pa. 444, 175 A. 492. Moreover, plaintiffs are not barred by laches. Defendants have not been harmed by the delay in bringing this action and "Delay which injures no one does not furnish reason for refusing relief": *Gribben v. Carpenter*, 323 Pa. 243, 185 A. 712.

Decree affirmed at the costs of appellant.