### COHEN v. GLOBE INDEMNITY CO.
### No. 7659.

Circuit Court of Appeals, Third Circuit.

June 3, 1941.

See also 37 F.Supp. 208.

Harry R. Axelroth, of Philadelphia, Pa. (Axelroth & Porteous, of Philadelphia, Pa., on the brief), for appellant.

T. Henry Walnut, of Philadelphia, Pa., for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This case is in this court for the second time. Its first appearance is, 3 Cir., 106 F.2d 687, 1939, and the opinion there reported fully states the facts. The suit is against the insurer upon two policies of burglary insurance. The plaintiff won in the first trial. The judgment was reversed in this court and the case sent back for a new trial. While the case was awaiting retrial the plaintiff filed a motion for leave to file a petition designated a "Petition for Reformation of Contract in Aid of an Action at Law." The district court treated the petition as an amendment to the plaintiff's complaint and allowed the amendment. Subsequently, after hearing, the court ordered that the insurance contract be reformed in accordance with the prayer of the plaintiff's petition. The case was then listed for retrial. The defendant takes an appeal from the order of the district court, and an order has been entered by this court, staying further proceedings in the district court pending this appeal.

We are confronted at the outset with the question whether this appeal is premature. Our jurisdiction is not discretionary; it is settled by statute. Neither the parties nor the court can hear a question just because it would be convenient for everyone to have an authoritative ruling upon a question at some stage of the litigation prior to its completion. The statute says we have appellate jurisdiction "to review * * * final decisions". Judicial Code § 128, 28 U.S.C.A. § 225. Is the reformation order made by the district court a "final decision"?

The appellant argues that prior to the adoption of the new rules [1] such an order

---

[1] Rule 2 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is the one in point, providing, there shall be one form of action to be known as a "civil action."

would have been appealable. He contends that prior to the new rules where reformation was sought of an instrument upon which an action at law had been begun, the petition for reformation would have had to have been filed on the equity side of the court, the action at law being stayed meanwhile. He says further that if, in the equity proceedings, reformation were ordered, an appeal would lie from that order. The final step in the argument is that the new rules do not take away any right of appeal he would have had before.

A reading of the decisions cited upon the point[2] does not convince us that the privilege of appeal is sun clear, even under a practice where distinctions between law and equity are made. They seem to have some distinguishing features. But for the purpose of the case before us, it may be assumed that the former rule was as the defendant contends.

Under the present practice the system is unified. Rule 2, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Does this coalescing of law and equity mean that the decision is not final until the litigation on what, under the prior practice would have been both the law and equity sides, has been completed in the trial court? We conclude, with full recognition of the inconvenience to the defendant in the particular case,[3] that it does. There is only one law suit pending between the parties. As an incident in the trial of that suit, the trial judge has ordered a reformation which affects the terms of the agreement between them. But no judgment has been rendered. The defendant is neither under an obligation to pay money nor has he the protection of a judgment which exempts him from payment. Indeed the trial judge very carefully refrained from doing what an equity court in former days would have done, namely, to finish up the litigation before him as chancellor by awarding damages for breach of contract following its reformation, since the defendant had asked for jury trial and Rule 38, Rules of Civil Procedure, was thought to entitle him to

it. We have litigation which is then half through. We have a statute which says we are limited in review to final decisions. The appeal must therefore fail.

Many attempts at procedural improvement during the 19th century were only partially successful because both courts and lawyers trying cases carried into the new practice the technical niceties of the old. A better fate should await the present rules. We have no desire to approach the change made by rule two with "a psychological attitude which goes back to the historical conflict between Coke and Ellesmere."[4]

The appeal is dismissed.

---

[2] Fulton v. Colwell, 3 Cir., 112 F. 831; Graham v. Carnegie Steel Co., 217 Pa. 34, 66 A. 103; Dickenson County Bank v. Royal Exchange Assurance, etc., 157 Va. 94, 160 S.E. 13, 76 A.L.R. 1209.

[3] Such inconvenience is a part of every litigation where, prior to the end of the case in the trial court, the judge makes an order or ruling which may prove determinative of the whole case. The refusal to admit a document in evidence may lose a trial for one party or the other. But an appeal on every reviewable point as it arises would create problems for both trial and appellate courts.

[4] Moore's Federal Practice, § 2.01.