**UNITED STATES v. HORNS et al.**

No. 8784.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 8, 1944.

Decided Jan. 4, 1945.

As Amended Feb. 7, 1945.

58

Morris H. Cohn, of Newark, N. J. (Joseph Harrison and Charles S. Ginsburg, both of Newark, N. J., on the brief), for appellants.

Charles A. Stanziale, Asst. U. S. Atty., of Newark, N. J., and Charles Rembar, of Washington, D. C. (Thorn Lord, U. S. Atty., of Trenton, N. J., and Fleming James, Jr., Director, Litigation Division, OPA, of Washington, D. C., on the brief), for the United States.

Before MARIS, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

■ This is an appeal from an order of the District Court for the District of New Jersey denying the defendants' motion to stay criminal proceedings pending against them in that court. On August 29, 1944, the defendants were indicted for violations of Revised Maximum Price Regulation No. 169, which regulation establishes ceiling prices on retail sales of meat.[1] On September 1, 1944, the defendant filed a protest against the regulation with the Price Administrator. The defendants were arraigned on September 5, 1944. On September 29, 1944, they moved for a stay of the criminal proceedings pending the determination of their protest. The District Court directed that this application be treated as one for leave to file a complaint in the Emergency Court of Appeals and for a stay of the criminal proceedings.[2] The court thereupon denied the application. From this order of the District Court the defendants took the present appeal. The Government moved to dismiss the appeal upon the ground that the order appealed from was interlocutory and, therefore, not appealable.

[1] 7 F. R. 10381, issued December 10, 1942, by the Price Administrator acting under authority of Section 2(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 902(a).

[2] The application as presented by the defendants would have had to be dismissed summarily. An application for a stay pending determination of a protest is governed by Section 204(e) (2) of

■ The appellate jurisdiction in the federal judicial system is purely statutory. Circuit Courts of Appeals have statutory jurisdiction to review final decisions of District Courts.[3] They also have jurisdiction to review interlocutory decrees or orders of the District Courts granting or denying an injunction.[4] The defendants urge that the order herein under attack is either a final decision or an interlocutory order denying an injunction. The Government contends that it is neither.

■ We think the order does not meet the well established test of finality enunciated by the Supreme Court. In Berman v. United States, 1937, 302 U.S. 211, 212, 213, 58 S.Ct. 164–166, 82 L.Ed. 204, the court said: "In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation * * * on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.'" In Heike v. United States, 1910, 217 U.S. 423, 430, 30 S.Ct. 539, 541, 54 L.Ed. 633 the court said: "It is true that, in a certain sense, an order concerning a controlling question of law made in a case is, as to that question, final. Many interlocutory rulings and orders effectually dispose of some matters in controversy, but that is not the test of finality for the purposes of appeal or writ of error. The purpose of the statute is to give a review in one proceeding after final judgment of matters in controversy in any given case."

In Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, the Supreme Court held that an order of the District Court denying a motion to quash a subpœna duces tecum requiring a witness to appear with papers and testify before a grand jury is not a final decision within the meaning of Section 128 of the Judicial Code. The opinion by Justice Frankfurter contains an illuminating discussion of the entire subject of finality. See also United States v. Kelley, 2 Cir. 1939, 105 F.2d 912; Bensen v. United States, 9 Cir., 1937, 93 F.2d 749; United States v. Broude, D.C. Minn.1924, 299 F. 332. Compare Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 30, 63 S.Ct. 938, 943, 87 L.Ed. 1185, in which Chief Justice Stone said: "Respondents stress the inconvenience of requiring them to undergo a trial in advance of an appellate determination of the challenge now made to the validity of the indictment. We may assume, as they alleged, that that trial may be of several months' duration and may be correspondingly costly and inconvenient. But that inconvenience is one which we must take it Congress contemplated in providing that only final judgments should be reviewable."

■ Primarily the order under attack denies the defendants the right to file a complaint in the Emergency Court of Appeals and to procure a ruling from that court as to the validity or invalidity of the regulation which they are charged with having violated. In the absence of such a complaint the validity of the regulation is presumed. It is clear that the right in a proper case to file a complaint and obtain an adjudication by the Emergency Court of Appeals as to the validity of the regulation is given by the statute solely for the purpose of enabling a defendant to establish invalidity as a defense in the criminal proceeding. In the event of a conviction the defendants could upon appeal to the Circuit Court of Appeals assign the denial of this right as error. The litigation, as we said in Cohen v. Globe Indemnity Co., 3 Cir.. 1941, 120 F.2d 791, 792, is at present but "half through".

Section 204 (e) (1)[5] of the Emergency

the Emergency Price Control Act, as added by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix, § 924(e) (2). It is provided therein that the pendency of any protest shall not be grounds for staying any proceeding brought pursuant to section 205, 50 U. S.C.A.Appendix § 925, except as expressly provided in the subsection. The right to a stay pending determination of a protest is restricted to the case where the protest is filed prior to the institution of criminal or civil enforcement proceedings under section 205. Since it appears upon the face of the defendants' application that criminal proceedings were instituted by indictment filed August 29, 1944, it is clear that the protest filed September 1, 1944, could not have been made the basis of a stay. The District Court properly proceeded upon the theory that if the defendants were entitled to a stay at all it would only be because they had made out a case entitling them to file a complaint in the Emergency Court of Appeals pursuant to section 204 (e) (1).

[3] Section 128 of the Judicial Code, 28 U.S.C.A. § 225.

[4] Section 129 of the Judicial Code, 28 U.S.C.A. § 227.

[5] As added by the Stabilization Exten-

Price Control Act itself gives clear indication that denial by the district court of an application made within thirty days after arraignment for leave to file a complaint in the Emergency Court of Appeals is not a final decision even of the applicant's right to file such a complaint. For the section gives the applicant the right to renew his application within five days after judgment. The statutory provision is that "Within thirty days after arraignment, * * * *and* within five days after judgment * * * the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator * * *." [Emphasis supplied.]

■ We conclude that the order appealed from was not a final decision and that this court has no jurisdiction of the appeal by virtue of Section 128 of the Judicial Code.

■ We turn next to the more difficult question whether the order under attack, insofar as it was a denial of the requested stay of the criminal proceedings, is an order denying an injunction and therefore appealable under Section 129 of the Judicial Code, 28 U.S.C.A. § 227. The difficulty arises from the fact that it has been held by the Supreme Court that the grant or refusal by a court of equity of a stay of proceedings at law is a grant or refusal of an injunction and, therefore, appealable by virtue of Section 129.[6] Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440. Shanferoke Coal & Supply Corporation Co. v. Westchester Service Corporation, 1935, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583.

In the Enelow case the Supreme Court, however, made it clear that if a court of law itself grants a stay in proceedings before it or a court of equity grants a stay in proceedings before it the stay is not an injunction. In such a case the stay is granted by virtue of the court's inherent power to control the progress of the cause pending before it so as to maintain the orderly processes of justice. It is only when the power possessed by a court of equity to stay proceedings in another court is ex-

ercised that the court's action amounts to the grant or refusal of an injunction. This distinction was stressed in Cover v. Schwartz, 2 Cir., 1940, 112 F.2d 566, and is controlling here.

■ In the present case the defendants requested the District Court in which the criminal proceedings were pending to stay that litigation. This was not a request for an injunction within the meaning of the Enelow case, but merely for the postponement of the trial of the criminal proceedings. We conclude that the denial of the stay was not the denial of an injunction and was, therefore, not appealable under Section 129 of the Judicial Code.

It follows that the order denying the defendant's application was not appealable. Accordingly the motion to dismiss the appeal must be granted.

The appeal is dismissed.

---

sion Act of 1944, 50 U.S.C.A. Appendix, § 924 (e) (1).

6 The Rules of Civil Procedure, 28 U. S.C.A. following section 723c, which provided for the union of law and equity in one form of action, did not obliterate the distinction between law and equity so as to disturb the rule of the Enelow case. See Ettelson v. Metropolitan Ins. Co., 1942, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176.