ENELOW *v.* NEW YORK LIFE INSURANCE CO.

No. 47. Argued November 7, 1934.—Decided January 7, 1935.

*Mr. Charles H. Sachs,* with whom *Mr. Louis Caplan* was on the brief, for petitioner.

*Mr. William H. Eckert,* with whom *Mr. Louis H. Cooke* was on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This is an action at law upon a policy of life insurance issued by respondent in December, 1931, on the life of petitioner's husband, Max Enelow, who died in May, 1933. The action was brought in a state court in Pennsylvania, in July, 1933, and was removed to the federal court. The policy provided that it should be incontestable after two years from date of issue. In its affidavit of defense, respondent set up the affirmative defense that the policy had been obtained by means of false and fraudulent statements in the decedent's application which

was made a part of the policy. These statements consisted of the applicant's answers to questions with respect to hospital observation or treatment and to his consultations with physicians. Respondent alleged that, while the applicant had answered these questions with an unqualified negative, he had in fact repeatedly consulted physicians for neurosis and cardiac disease and had twice been the subject of hospital observation. Respondent further alleged that these answers were made by the applicant " with knowledge of their falsity and fraudulently for the purpose of procuring said insurance." Respondent tendered judgment for the premiums received by it, with interest, and prayed for cancellation of the policy. Petitioner in her reply denied that the answers in the application were either false or fraudulent.

Respondent then presented a petition asking that the " equitable issue " raised by the affidavit of defense and the plaintiff's reply should be heard pursuant to § 274b of the Judicial Code (28 U. S. C. 398) " by a chancellor according to equity procedure in advance of the trial by jury at law of any purely legal issues." The District Court entered a rule to show cause why the petition should not be granted and, on hearing, made the rule absolute. Its decree was affirmed by the Circuit Court of Appeals. 70 F. (2d) 728. This Court issued writ of certiorari, October 8, 1934.

*First.* A preliminary question arises as to the jurisdiction of the Circuit Court of Appeals. The decree of the District Court was interlocutory, and the question is whether it can be considered to be one granting an injunction and thus within the purview of § 129 of the Judicial Code (28 U. S. C. 227) permitting appeal.

This section contemplates interlocutory orders or decrees which constitute an exercise of equitable jurisdiction in granting or refusing an injunction, as distinguished from a mere stay of proceedings which a court of law, as

well as a court of equity, may grant in a cause pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice. The power to stay proceedings in another court appertains distinctively to equity in the enforcement of equitable principles, and the grant or refusal of such a stay by a court of equity of proceedings at law is a grant or refusal of an injunction within the meaning of § 129. And, in this aspect, it makes no difference that the two cases, the suit in equity for an injunction and the action at law in which proceedings are stayed, are both pending in the same court, in view of the established distinction between " proceedings at law and proceedings in equity in the national courts and between the powers of those courts when sitting as courts of law and when sitting as courts of equity." Per Van Devanter, J., in *Griesa* v. *Mutual Life Ins. Co.*, 165 Fed. 48, 50, 51.

When the Congress enacted § 274b of the Judicial Code, providing for equitable defenses in actions at law and the granting of affirmative equitable relief, the procedure was simplified but the substance of the authorized intervention of equity was not altered. The court was empowered to exercise a summary equitable jurisdiction. Equitable defenses were permitted to be interposed in actions at law " by answer, plea or replication without the necessity of filing a bill on the equity side of the court." [1] The defendant is to have " the same rights " as if he had filed a bill seeking the same relief. The equitable issue " is to be ·tried to the judge as a chancellor." The same order of trial is preserved as under the system

---

[1] The text of § 274b (28 U. S. C. 398) is as follows:

" *Equitable defenses and equitable relief in actions at law.* In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense or seeking the relief

of separate courts. *Liberty Oil Co.* v. *Condon Bank,* 260 U. S. 235, 242, 243. The trial of the issue at law may be postponed until the equitable issue is first disposed of, and then, if an issue at law remains, it is triable by a jury as the Seventh Amendment requires. *Id.*

It is thus apparent that when an order or decree is made under § 274b, requiring, or refusing to require, that an equitable defense shall first be tried, the court, exercising what is essentially an equitable jurisdiction, in effect grants or refuses an injunction restraining proceedings at law precisely as if the court had acted upon a bill of complaint in a separate suit for the same purpose. Such a decree was made in the instant case, and therefore, although interlocutory, it was appealable to the Circuit Court of Appeals under § 129. See *Ford* v. *Huff,* 296 Fed. 652, 658; *American Cyanamid Co.* v. *Wilson & Toomer Co.,* 62 F. (2d) 1018, 1019, 1020. Compare *Emlenton Refining Co.* v. *Chambers,* 14 F. (2d) 104.

*Second.* We come to the merits. Was the defense set up by the defendant of such a nature that defendant was entitled to have it heard and determined in equity and to enjoin the proceedings at law pending that determination? The test under § 274b is whether the defendant could have maintained a bill in equity on the same averments. The unequivocal language of the provision leaves no room for the argument that the substantive jurisdiction of equity was sought to be changed or enlarged. The defendant's rights to a hearing in equity are " the same," not greater, when he resorts to the summary procedure.

prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

See *Liberty Oil Co.* v. *Condon Bank, supra; Union Pacific R. Co.* v. *Syas,* 246 Fed. 561, 565; *American Cyanamid Co.* v. *Wilson & Toomer Fertilizer Co., supra; New York Life Ins. Co.* v. *Miller,* 73 F. (2d) 350. Compare *Phillips-Morefield* v. *Southern States Life Ins. Co.,* 66 F. (2d) 29, 30; *New York Life Ins. Co.* v. *Marotta,* 57 F. (2d) 1038. And it necessarily follows that this summary procedure cannot aid the defendant when a bill for the same relief would not lie because the defense is one which is completely available in the action at law. Emphasizing the fundamental principle of the equitable jurisdiction, the Congress, from the first Judiciary Act, has declared that suits in equity shall not be sustained in any court of the United States in any case where a " plain, adequate and complete remedy " may be had at law. Act of September 24, 1789, § 16, 1 Stat. 82; Jud. Code, § 267, 28 U. S. C. 384.

The instant case is not one in which there is resort to equity for cancellation of the policy during the life of the insured and no opportunity exists to contest liability at law. Nor is it a case where, although death may have occurred, action has not been brought to recover upon the policy, and equitable relief is sought to protect the insurer against loss of its defense by the expiration of the period after which the policy by its terms is to become incontestable.[2] Here, on the death of the insured, an action at law was brought on the policy, and the defendant had opportunity in that action at law, and before the policy by its terms became incontestable, to contest its liability and accordingly filed its affidavit of defense. That defense

[2] See *Mutual Life Ins. Co.* v. *Hurni Packing Co.,* 263 U. S. 167, 177; *Jefferson Standard Life Ins. Co.* v. *Keeton,* 292 Fed. 53, 54; *Jefferson Standard Life Ins. Co.* v. *McIntyre,* 294 Fed. 886; *Jones* v. *Reliance Life Ins. Co.,* 11 F. (2d) 69, 70; *Peake* v. *Lincoln National Life Ins. Co.,* 15 F. (2d) 303, 305, 306; *Keystone Dairy Co.* v. *New York Life Ins. Co.,* 19 F. (2d) 68; *Rose* v. *Mutual Life Ins. Co.,* 19 F. (2d) 280, 282; *Brown* v. *Pacific Mutual Life Ins. Co.,* 62 F. (2d) 711, 712.

was solely that the defendant had been induced to issue the policy by false answers in the application which were alleged to have been made by the applicant " with knowledge of their falsity and fraudulently " in order to obtain the insurance. The affidavit of defense showed nothing whatever as a further ground for equitable relief and the respondent is necessarily confined to the case it made. In such a case, the defense of fraud is completely available in the action at law and a bill in equity would not lie to stay proceedings in that action in order to have the defense heard and determined in equity. *Insurance Co.* v. *Bailey,* 13 Wall. 616, 623; *Life Insurance Co.* v. *Bangs,* 103 U. S. 780, 782; *Cable* v. *United States Life Ins. Co.,* 191 U. S. 288, 305; *American Mills Co.* v. *American Surety Co.,* 260 U. S. 360, 363; *New York Life Ins. Co.* v. *Marshall,* 23 F. (2d) 225; *New York Life Ins. Co.* v. *Miller, supra.* Respondent was in no better position under § 274b.

Nor is there merit in the contention that the remedy at law is not adequate because petitioner is not the only person interested in the policy and that the premiums paid would be refundable to the decedent's executors. The executors have no interest entitling them to enforce the policy. Petitioner is the sole beneficiary of the policy and is entitled to recover upon it, if it is valid, and cannot prevail if the defense of fraud is established. *Insurance Co.* v. *Bailey, supra; Cable* v. *United States Life Ins. Co., supra.* The affidavit of defense raised no question as to petitioner's standing as beneficiary of the policy, and, indeed, it expressly offered judgment in favor of the petitioner for the amount of the premiums in accordance with a tender previously made.

Respondent's petition for a hearing and determination in equity in advance of the trial of the action at law should have been denied. The decree of the Circuit Court of Appeals is reversed and the action is remanded to the

District Court with direction to vacate its order for a hearing in equity and to proceed with the trial of the action at law.

*Reversed.*