# DELAWARE TP. v. CENTRAL-PENN NAT. BANK OF PHILADELPHIA.

## No. 5548.

Circuit Court of Appeals, Third Circuit.

Aug. 1, 1935.

John H. Switzer, of Camden, N. J. (Cornelius O. Donahue, L. Arnold Frye, and E. J. Dimock, all of New York City, William A. Stevens, of Red Bank, N. J., and C. R. Peterson, of New York City, of counsel), for appellant.

F. Morse Archer, Jr., of Camden, N. J., and Ira Jewell Williams, Jr., and Brown & Williams, all of Philadelphia, Pa., for appellee.

Arthur T. Vanderbilt, of Newark, N. J., amicus curiæ.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

The plaintiff, the Central-Penn National Bank of Philadelphia, brought an action in the District Court on a promissory note against the defendant, the township of Delaware, Camden county, N. J. The defendant filed its answer, admitting its liability on the note and interposing a "cross-petition" in equity. The petition alleged that the defendant was unable to pay its debts and that pursuant to the Municipal Finance Act of New Jersey, P. L. 1931, p. 830, as amended by P. L. 1931, p. 1212, P. L. 1932, p. 519, P. L. 1933, pp. 21, 859, 866 (N. J. St. Annuals 1931, 1932, 1933, § *136—4700 (101) et seq.), the municipal finance commission had taken over the financial affairs of the defendant. The defendant asked in the prayer to its cross-petition that the plaintiff be enjoined from enforcing any judgment obtained in the cause of action set forth in the complaint and from bringing any action or proceeding of any kind against the defendant unless provided for in the Municipal Finance Act. On the motion of the plaintiff, the court struck out the cross-petition for the reason that the Municipal Finance Act did not prohibit the entry of a judgment against a municipality whose affairs were in the hands of the commission. The defendant appealed.

The Municipal Finance Act does not forbid the prosecution of actions or suits to judgment or decree against a municipality in which the commission is acting. Article 3-A of the act (sections 351–353), added by P. L. 1932, p. 526, § 16, and §§

351, 352, as amended by P. L. 1933, pp. 863, 864, §§ 8, 9 (N. J. St. Annual 1932, § *136—4700 (353); N. J. St. Annual 1933, §§ *136—4700 (351), *136—4700 (352) defines when a judgment and a suit shall be stayed. Section 351, as amended (N. J. St. Annual 1933, § *136—4700 (351), provides that so long as the commission shall function in a municipality no judgment shall be enforced against it unless specially ordered by the Supreme Court in an appropriate proceeding for such purpose. Section 352, as amended (N. J. St. Annual 1933, § *136—4700 (352), further provides that during the time the commission functions, no proceeding shall be brought for the assessment, levy, or collection of taxes for the benefit of its creditors, except under certain conditions, by the commission or with the authorization of the Supreme Court. Thus, there is nothing in the act which prohibits a creditor from obtaining a judgment against the municipality, but the act does attempt to prevent the enforcement of the judgment, except on terms provided therein. Accordingly, the appellee had the right under the terms of the act to prosecute its action to judgment.

The appellant raises the question as to whether or not the Municipal Finance Act will prevent the federal courts from enforcing its judgments and decrees obtained against a municipality in the commission's hands. But that need not be decided at this time.

▮ The appellee brought this action to recover on a promissory note. The appellant admitted its liability on the note and by its cross-petition under section 274b of the Judicial Code (28 USCA § 398) asked that the appellee be restrained from enforcing any judgment recovered in the action and from bringing any proceeding to enforce the judgment so long as the municipal finance commission functioned in the municipality.

As we have said, the Municipal Finance Act does not contemplate the staying of a suit or preclude the recovery of a judgment against a municipality. The relief that the appellant seeks in the cross-petition is to stay execution. Section 274b provides that equitable relief respecting the subject-matter of a pending action at law may be had by interposing equitable defenses by answer without the necessity of filing a bill on the equity side of the court. "The test under section 274b is whether the defendant could have maintained a bill in equity on the same averments." Per Hughes, C. J., in Enelow v. New York Life Insurance Company, 293 U. S. 379, 55 S. Ct. 310, 312, 79 L. Ed. 440.

Obviously, no suit in equity could be maintained to prevent the execution of a judgment against a municipality prior to the time the judgment was had. The protection which the Municipal Finance Act purports to extend is not threatened until execution of a judgment is attempted. The action of the appellee in this case cannot come within the meaning of the act until the appellee obtains judgment. The Municipal Finance Act does not forbid a plaintiff to obtain judgment, but provides that the Supreme Court shall decide whether or not execution shall issue.

The judgment striking out the cross-petition is affirmed.