## NEW YORK LIFE INS. CO. v. PANAGIO-TOPOULOS.

### No. 3041.

Circuit Court of Appeals, First Circuit.

Oct. 29, 1935.

Order in accordance with opinion.

By a writ dated September 13, 1934, the plaintiff, the beneficiary, brought an action against the defendant on a policy dated April 22, 1930, on the life of his brother in the amount of $5,000, the insured having died November 20, 1930, while the policy was in full force and effect. The writ was entered December 4, 1934, at the December term of the District Court for Massachusetts. At the same term, on December 22, 1934, the defendant filed an answer or equitable defense, which was amended by leave of court on April 3, 1935. The amended answer was in substance as follows:

On April 18, 1930, Kimon G. Panagiotopoulos, a citizen of Greece, then commorant of Boston, Mass., made a written application to the defendant for insurance on his life. On the same date, as a part of his application, he went before one of the company's medical examiners and represented and declared to the company in writing that he had never consulted a physician or practitioner for or suffered from any of the various ailments or diseases therein inquired about; that he never consulted a physician or practitioner for any ailment or disease not included in the inquiries above referred to, and that he had not consulted or been examined or treated by any physician or practitioner at all within five years prior to the date of his application; that he agreed on behalf of himself and of every person who should have or claim any interest in

any insurance made thereunder that his answers were full, complete, and true, and he agreed that the company, believing them to be true, should rely and act upon them; that the company did believe his answers to be full, complete, and true, relied thereon, and upon the faith of the truth thereof wrote up and delivered to the applicant a policy for $5,000 for the benefit of his brother, Demetrios G. Panagiotopoulos, a citizen and resident of Greece (attaching a copy of the policy); that the policy was dated April 22, 1930, and shortly after said date was delivered to the applicant and the first semiannual premium of $121.10 was paid, and a second semiannual premium of $121.10 was duly paid; that proofs purporting to show that the insured died of cancer in Greece on November 20, 1930, were sent to the defendant by the National Bank of Greece through the manager of its New York agency acting as attorney in fact for the plaintiff as beneficiary under the policy; that, upon notice of the death of the insured, the defendant made an investigation and then learned for the first time that prior to the date of his application the applicant had suffered from cancer and other ailments and diseases on account of which he had consulted and been treated by physicians; that thereupon the defendant elected to rescind the policy contract and on or about April 20, 1931, notified the New York agency of the National Bank of Greece, as attorney in fact for the plaintiff, of such rescission and tendered to it the sum of the premiums received with interest, namely, $252.47; that the aforesaid misrepresentations and concealments by the applicant were made with actual intent to deceive the defendant and the facts misrepresented and concealed increased the risk of loss; that in July, 1930, the said insured returned to his home in Greece and remained there until his death; that from the date of his departure from the United States in July, 1930, until the entry of this action on December 4, 1934, neither the insured nor the plaintiff were subject to the jurisdiction of any court except the courts of the Republic of Greece; that no administration has ever been applied for or taken out upon the estate of the insured in the United States or in any other country other than Greece; that plaintiff's said attorney in fact had no authority to accept or receive service of legal process against the plaintiff or against the estate of the insured; that,

under the laws of the Republic of Greece, a judgment recovered against a Greek subject in any court in the United States would not be given effect as a binding and final adjudication between the parties to the action in which the judgment was entered, but, on the contrary, would be subject to revision by the Greek courts and the entire matter upon which the said judgment was based would be relitigated in the said courts; that, by reason of the foregoing, no judgment obtained in the Greek courts by the defendant against the plaintiff would constitute a binding and final adjudication between the parties which would be recognized as such by this court or any other court of the United States; that by reason of the premises it was not possible for the defendant to make an effectual contest against liability on said contract of insurance prior to the entry of this action in this court. The prayer was:

"That the court decree that the plaintiff deliver up said policy to be cancelled upon payment to the plaintiff of the sum of $252.47, less the defendant's costs herein.

"That the defendant may have such further or other relief as may be deemed suitable."

The amendment to the answer, allowed April 3, 1935, consisted in the substitution of the clause beginning with the words "since July 30" and ending with the words "prior to the entry of the action in this court."

At the December term, 1934, on December 31, 1934, the defendant filed a motion to transfer the case to the equity docket for hearing on the issues raised by the answer, and at the same term, on January 7, 1935, after hearing, the court directed that the motion be allowed, replication to be filed within ten days. On January 16, 1935, the plaintiff filed a replication in the nature of a demurrer to the defendant's answer, which replication as later amended on April 3, 1935, reads as follows:

"Now comes the plaintiff in the above entitled action and demurs to the defendant's amended answer, for the said amended answer does not set out a defense to the plaintiff's case as a matter of law. As specific grounds for demurrer the plaintiff assigns the following:

"1. As appears from the copy of the policy filed by the defendant and marked

'A', said policy 'shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits'; and the defendant has failed to contest the policy within the two year period of limitation as stipulated by the parties to the contract.

"2. The defendant does not allege that, during the two year period in which it was entitled to contest the policy, said policy was without the jurisdiction of the State of New York, or any other state of the United States of America, and that the courts of New York, or any other of the courts of the several states comprising the United States of America, or of a Federal court did not have jurisdiction of the res, during the two year period of limitation, and that proceedings in rem or quasi in rem could not have been instituted by defendant.

"3. The defendant's amended answer does not allege that its offer of rescission was accepted.

"4. The defendant's amended answer fails to allege that the situation descriptive of the situation of the parties to the contract at the time of death of insured and continuing to the date of expiration of the two year period of incontestability [sic], was not within reasonable contemplation of the parties to the contract at the date of its execution.

"5. The defendant's amended answer does not allege facts showing that during the two year period of contestability the method pursued by it in an attempt to rescind was the sole method by which its rights might have been adjudicated, and release from liability secured; but contents itself with the setting forth of a conclusion of law to the effect that 'by reason of the premises it was not possible for the defendant to make an effectual contest against liability on said contract of insurance prior to the entry of this action in this court.'

"6. The policy and the application therefor is by express provision made to constitute the entire contract, and said contract contains no express or implied provision that the right of insured or beneficiary to benefits of the incontestability clause shall be nullified or in any way rendered nugatory by residence of either the insured or beneficiary without the jurisdiction of any Federal court, or State court of any of the United States of America, without providing for appointment of an agent for the service of process, during the period of incontestability [sic]."

The amended replication differed in no material respect from the original one.

At the same term, on February 11, 1935, the plaintiff moved that the court vacate its order of January 7, 1935, transferring the cause to the equity side of the court, and, during the same term, on March 14, 1935, the court filed a memorandum of decision directing that the plaintiff's motion to vacate the order of January 7, 1935, be allowed. No decree as to this was entered until April 3, 1935, when an interlocutory decree vacating the order of January 9, 1935, was entered as of March 14, 1935.

The cause was continued to the March term, 1935, when, on March 26, 1935, the cause was set down for hearing on the plaintiff's replication or demurrer to the defendant's answer before Judge McLellan sitting at law, who, after taking the case under advisement, on March 28, 1935, filed a memorandum of decision sustaining the plaintiff's replication or demurrer to the defendant's answer. No order as to this matter was entered until April 3, 1935, and after the motion to amend the defendant's answer had been allowed and the plaintiff had replied or demurred anew, when an order was entered sustaining the plaintiff's replication or demurrer to the answer as amended.

On March 27, 1935, the defendant filed a petition for appeal and assignments of error from the decree of April 3, 1935, as of March 14, 1935, and, as previously stated, the appeal was allowed by Judge Brewster on April 3, 1935; and by the order of Judge McLellan of April 3, 1935, the allowance of the appeal appears to have been entered by Judge Brewster on that day prior to the entry by Judge McLellan of his order of April 3, 1935, sustaining the plaintiff's replication or demurrer to the amended answer.

F. H. Nash, of Boston, Mass. (Louis H. Cooke, of New York City, and Richard Wait, of Boston, Mass., on the brief), for appellant.

Harris J. Booras, of Boston, Mass. (John A. Edgerly, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and MORTON, Circuit Judges, and PETERS, District Judge.

BINGHAM, Circuit Judge.

The decree of April 3, 1935, as of January 7, 1935, transferring the case to the equity side of the court, provided "that the issues raised by the equitable defense shall first be tried, and the case be transferred to the equity docket, and in the meantime that proceedings at law be restrained."

■ The transfer of the case to the equity side of the court took place on January 7, 1935, and thereafter the case stood "as though an independent suit in equity was brought and the action at law enjoined" [People of Porto Rico v. Livingston (C.C.A.) 47 F.(2d) 712, 720]; and this would be so under section 274b of the Judicial Code, as amended, even though the decree of April 3, 1935, as of January 7, 1935, had not specifically restrained the action at law. Enelow v. New York Life Ins. Co., 293 U.S. 379, 383, 55 S.Ct. 310, 311, 79 L.Ed. 440. It is there said:

"It is thus apparent that when an order or decree is made under section 274b (28 U.S.C.A. § 398) requiring, or refusing to require, that an equitable defense shall first be tried, the court, exercising what is essentially an equitable jurisdiction, in effect grants or refuses an injunction restraining proceedings at law precisely as if the court had acted upon a bill of complaint in a separate suit for the same purpose. Such a decree was made in the instant case, and therefore, although interlocutory, it was appealable to the Circuit Court of Appeals under section 129, as amended (28 U.S.C.A. § 227)."

■ The decree of Judge Brewster on April 3, 1935, as of March 14, 1935, vacating the order of January 7, 1935, was likewise appealable under section 129 of the Judicial Code, as amended (28 U.S.C.A. § 227), as it was an interlocutory order or decree dissolving an injunction, and the appeal therefrom, taken by the defendant within thirty days from the entry of the order or decree, as was done in this case, suspended, pending the appeal to this court, the order or decree vacating the order of January 7, and left the order or decree of January 7, 1935, restraining the proceedings at law, in force. Newton v. Consolidated Gas Co., 258 U.S. 165, 177, 42 S.Ct. 264, 66 L.Ed. 538.

■ The proceedings at law being enjoined by the order or decree of January 7, 1935, and the transfer of the case to equity under section 274b (28 U.S.C.A. § 398), and that injunction being in existence from the time the appeal was taken, Judge McLellan acted without right in undertaking to pass upon the questions raised in the action at law before the appeal to this court was disposed of, and his order of April 3, 1935, sustaining the replication or demurrer to the amended answer and the final judgment entered by him on May 6, 1935, are null and void.

The appellant contends, first, that the two-year period within which the policy could be contested by it was extended and kept alive due to the facts alleged in the last paragraph of its amended answer (which are admitted by the plaintiff's replication or demurrer); and, this being so, that it was open to it to allege and show that the policy was canceled, as it prayed in its answer, because of the fraudulent misrepresentations and statements made by the insured in his application, which application was made a part of the contract of insurance.

■ If the two-year limitation within which the defendant insurance company could make a contest had expired when the answer or so-called equitable defense to the suit on the policy was filed, it is conceded that the defendant cannot prevail either at law or in equity. If, on the other hand, it be assumed that the two-year limitation had not expired, due to the fact that the defendant was unable to make a contest from the time the insured, in July, 1930, returned to live in Greece down to the bringing of the suit on the policy, unable to do so in any court in the United States, as an action for rescission is a personal one [New York Life Ins. Co. v. Bangs, 103 U.S. 435, 439, 26 L.Ed. 580; Great North Woods Club v. Raymond (C.C.A.) 54 F.(2d) 1017, 1018], and there was no one in the United States on whom process could be served; and if a judgment of rescission could have been obtained in Greece, it would not have been conclusively effective if pleaded to an action on the policy brought in any court of the United States for lack of reciprocity between the two countries regarding such a matter [Hilton v. Guyot, 159 U.S. 113, 226, 227, 16 S.Ct. 139, 40 L.Ed. 95]—then the question arises whether the answer states an equitable defense or a legal one. In Enelow v. New York Life Ins. Co.,

293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, the Supreme Court held that an answer setting up a defense of the same character as the one here in question was a legal one and the transfer of the suit to the equity side of the court for trial was erroneous; and that the plaintiff had a right to the trial of his case by a jury.

The defendant, however, contends that, although the policy there sued upon contained a clause rendering the policy incontestable after two years and a suit at law had been brought upon the policy and an answer or so-called equitable defense had been filed within the two-year period, still, inasmuch as the plaintiff was at liberty and had the right, before a jury was impaneled, to dismiss his suit and not bring a new one on the policy until after the two-year period had expired, the defendant in the Enelow Case and in this case had an equitable defense. New York Life Insurance Co. v. Seymour, 45 F.(2d) 47, 48, 73 A.L.R. 1523 (C.C.A.6thCir.); Harnischfeger Sales Corporation v. National Life Ins. Co., 72 F.(2d) 921, 925 (C.C.A. 7thCir.). But see New York Life Ins. Co. v. Miller (C.C.A.) 73 F.(2d) 350, 355, 97 A.L.R. 562. In other words, the Supreme Court erred in reaching the conclusion that it did in the Enelow Case. It may be that the equitable feature of the answer in the Enelow Case, and here contended for by the defendant, was not brought to the attention of the Supreme Court in that case; but if we assume that the contestable period of the policy here in question was extended by virtue of the facts alleged in the defendant's plea, so that at the time the answer was filed the two-year period as extended had not expired, the other facts (those of intentional misrepresentation) alleged in the answer in this case do not differ in any material respect from those alleged in the answer in the Enelow Case, and we feel constrained to follow that decision whether otherwise we would or would not entertain a different notion.

The order or decree of the District Court of April 3, 1935, as of March 14, 1935, vacating the prior order as of January 7, 1935, is affirmed.

The order of the District Court of April 3, 1935, sustaining the demurrer to the amended answer, and the final judgment of May 6, 1935, are vacated and set aside, and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.