## NEW YORK LIFE INS. CO. v. BUSEY et al.
### No. 674—.

District Court, W. D. Louisiana, Alexandria Division.

Oct. 23, 1936.

Harold W. Hill, of Alexandria, La., and Montgomery & Montgomery, of New Orleans, La., for plaintiff.

P. N. Browne, of Shreveport, La., curator ad hoc.

DAWKINS, District Judge.

This is an action to cancel, on the ground of fraud and misrepresentation, two life insurance policies for the sums of $5,000 and $3,000, respectively, on the life of George E. Busey. Originally the beneficiaries were the mother and father, but later, changes were made to the name of the wife, Kathryn Birdie Busey. The bill alleges that Busey has since become insane and is now confined in a state institution, but no curator has been appointed. Accordingly, Percy N. Browne, Esq., of Shreveport was appointed curator ad hoc to represent Busey, and he and the beneficiary under the policies were made parties defendant. The petition charges fraud and misrepresentation in the application for the policies as to examination and consultation by the insured of physicians and diseases from which he had suffered.

Defendant curator ad hoc answered the bill on October 15, 1935, pleading in

effect a general denial. Subsequently, on January 18, 1936, the amended answer, now under consideration, was filed. It is alleged therein that the insured has become totally and permanently disabled and under the terms of the policy is entitled to receive certain benefits stipulated therein. It prays that the cause be transferred to the law side of the court and that there be judgment rejecting plaintiff's demands and in favor of the insured for the benefits in the policy.

Plaintiff has opposed the transfer, contending that since the defendant chose to make his counter claim as on contract, in defense of the petition as a bill in equity, he thereby waived his right to trial by a jury and the court should dispose of the entire matter as an equity proceeding. In brief, counsel for defendant, states that, if the court should hold this can be done, then he does not desire to have the amendment allowed.

Both sides cite and rely upon the recent case of Enelow v. New York Life Insurance Company, 293 U.S. 379, 55 S.Ct. 310, 312, 79 L.Ed. 440. There the insured had died. Just as here, the insurance company had filed suit in the federal court to cancel the policy, in order to protect itself against the running of the period of incontestability of the policy. Later the beneficiary brought suit on the policy in a state court, and the plaintiff in the federal case sought to enjoin prosecution in the state court until the suit for cancellation could be tried. It was held that since both cases were actions in personam, in courts of concurrent jurisdiction, as distinguished from proceedings in rem, an injunction should not be issued as the defendant insurance company had an adequate remedy at law by pleading fraud and misrepresentation to the action in the state court; and that the judgment of the court which first determined the issue of fraud, could be pleaded as res judicata in the other. However, it was emphasized that, "The instant case is not one in which there is resort to equity for cancellation of the policy during the life of the insured and no opportunity exists to contest liability at law." If, as here, the insured was alive and had been suing for benefits under the policy similar to the present case, the action would still have been one in personam, but unless the practice of the state court had permitted the disposition of the equitable defense of fraud and misrepresentation, and the insurance company could have had its full affirmative relief by cancellation of the policy, both as it affected present claims to benefits, as well as the future, then the remedy at law would not have been adequate, and I think it probable that the Supreme Court would have held the lower court was right in enjoining the proceedings in the state court until the equitable action in the federal jurisdiction could be determined. Here, however, we are not concerned with the question of comity between state and federal courts, which the Supreme Court has said has ripened into a rule of law, for the demand is by counterclaim in the same cause in the same court, which possesses power to control both. Plaintiff not only pleads the fraud as barring any right of recovery upon the policy, but seeks the affirmative relief of cancellation as to both present and future demands. Where such affirmative relief is sought, Jud.Code, § 274b (title 28, § 398, U.S.C. [28 U.S.C.A. § 398]) declares that "the defendant [plaintiff here] shall have the same rights in such case as if he had filed a bill embodying the defense of [or] seeking the relief prayed for in such answer or plea. * * * In case *affirmative* relief is prayed in such answer or plea, the plaintiff shall file a replication" and on appeal the Appellate Court is given power to review the facts as in equity, and to "render such judgment upon the records as law and justice shall require." (Italics by the writer.)

In this situation, I think it is my duty to allow the amended answer, but that I should first hear and determine the plaintiff's demand for cancellation. It demands affirmative relief, as above indicated, and, therefore, I believe requires determination by the court. If cancellation is denied, then the cause should be transferred to the law side of the court, to be heard by a jury, as prayed for by the defendant. The issue raised by the answer, in so far as it seeks to recover on the policy, is not in defense of plaintiff's demand for cancellation, but can only be considered when and if the latter is denied.

The amendment is allowed, but further proceedings upon the counterclaim thereof will be stayed until the equitable demand of plaintiff has been disposed of.