## ATLAS LIFE INS. CO. v. W. I. SOUTHERN, Inc.

### No. 1272.

District Court, N. D. Oklahoma.

May 20, 1938.

Rogers, Stephenson & Dickason, of Tulsa, Okl., for plaintiff.

A. F. Moss and H. R. Young, both of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

On March 7, 1938, W. I. Southern, Inc., brought suit in the district court of Tulsa county, Okl., to recover the proceeds of a policy of insurance issued by the plaintiff herein upon the life of Wheaton I. Southern, who died after the policy was issued. The policy contained a clause providing for incontestability after the expiration of two years from its date, and this period would have expired shortly after the institution of the suit. Service was had upon the insurance company the same day the suit was filed.

Thereafter and within the period of contestability this suit was filed to cancel the policy on the ground that it was obtained by virtue of certain fraudulent representations by the insured. The defendant, the beneficiary in said policy, moves the court to dismiss the action pending in this court.

Plaintiff urges that whether or not it has an adequate remedy at law must be tested by whether or not its remedy on the law side of the federal court is adequate and that whether or not it has a remedy in the state court is immaterial. Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64.

256 S.Ct. 1, 80 L.Ed. 47; Chicago & N. W. Ry. Co. v. Railroad and W. Commission, D.C., 280 F. 387; Munn v. Des Moines Natl. Bank, 8 Cir., 18 F.2d 269; American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S. Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Brown v. Pacific Mutual Life Ins. Co., 4 Cir., 62 F.2d 711, and similar cases. The fact that a person may have an adequate remedy at law in a state court does not necessarily preclude federal equity jurisdiction if there be no adequate remedy at law in the federal court, for federal equity jurisdiction is not dependent upon state practice or procedure. I do not conceive, however, that the principle just stated controls this case, otherwise, it might well be said that the federal courts must rule that no adequate remedy at law is afforded in a state court suit and that every litigant has a right to have his case tried in a federal court. Such, of course, is not the law. It is therefore immaterial that the insurance company may not have the right to remove to this court the suit filed against it in the state court.

■ When the beneficiary filed its suit in the state court, that court obtained jurisdiction of the subject matter of the action and of the parties thereto. In that court the insurance company may obtain all the relief it seeks here, fraud in obtaining the issuance of the policy being available to it as a defense in that court. This case is therefore to be distinguished from Ruhlin v. New York Life Insurance Company, 3 Cir., 93 F.2d 416, and is also to be distinguished from cases where the identity of the beneficiary may be uncertain.

I hold that this case is ruled by Metropolitan Life Insurance Company v. Banion, 10 Cir., 86 F.2d 886, in which Judge McDermott collected the cases and stated their doctrine as follows (page 888): "The philosophy of these cases, as we read them, is this: An insurance company which must contest a policy within a limited period if at all, cannot be deprived of its defenses by the inaction of plaintiff; but if an action at law is pending which affords the company an opportunity to contest the policy within the contestable period, the company cannot deny the plaintiff a jury trial by a suit in equity."

The case here is the reverse of the situation passed upon in American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268 because here the law action was first filed. And see New York Life Ins. Co. v. Marshall, D.C.La., 21 F.2d 172, affirmed 5 Cir., 23 F.2d 225, and New York Life Insurance Co. v. Panagiotopoulos, 1 Cir., 80 F.2d 136.

Thus in Peake v. Lincoln Natl. Life Ins. Co., 8 Cir., 15 F.2d 303, an action to cancel a policy of insurance, it was urged that equity had no jurisdiction because the beneficiary's claim was a legal demand and the defense of fraud was available as a legal defense and that the insurers claimed equitable right was fully set up in an answer to a suit brought by the beneficiary subsequent to the filing of the suit by the insurer to cancel the policy but the Court said (page 305): "If Mrs. Peake had brought her action before the equity suit had been instituted, and if it were established that she and the insurer were the only parties interested in the subject, the first two propositions contended for might be conceded as sound."

■ The authorities sustain the rule that in cases where courts of concurrent jurisdiction acquire jurisdiction over the subject matter and the parties the court in which jurisdiction is first invoked should be permitted to proceed. In the case of Byrne v. Brown, 40 Fla. 109-116, 23 So. 877, the court said (page 879): "* * * it would be a strange and an anomalous rule of law that would permit another court, though of concurrent jurisdiction, to withdraw the case and the parties from the jurisdiction of the law court, where the latter is as competent to extend the proper relief as the former. The rule of law is that where two courts have concurrent jurisdiction the right to maintain it attaches to that court which first exercises it." See, generally, 21 C.J. pp. 40, 41, and 42.

I, therefore, conclude that the insurance company had a plain, adequate and complete remedy at law at the time of the filing of the bill of complaint herein and the motion to dismiss should be sustained.