## COVER v. SCHWARTZ.
### No. 367.

Circuit Court of Appeals, Second Circuit.
June 10, 1940.

Joshua R. H. Potts, Eugene Vincent Clarke, and Basil H. Brune, all of Chicago, Ill., and John M. Cole, of New York City, for appellant.

Abraham H. Goodman, of New York City, for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The plaintiff brought suit for patent infringement in the usual form, and issue was joined. Some two years later the defendant asked that trial be stayed until determination by the Court of Customs and Patent Appeals of interference proceedings pending in that court between the plaintiff and the defendant relative to the same patent. The district court granted such a stay, and the plaintiff appealed.

The order staying the trial was obviously not a "final decision" appealable under section 128 of the Judicial Code, 28 U.S.C. § 225, 28 U.S.C.A. § 225. The plaintiff claims, however, that the stay amounted to the granting of an interlocutory injunction and that the order is consequently appealable under section 129 of the Judicial Code, 28 U.S.C. § 227, 28 U.S.C.A. § 227. We think it plain that the order staying the trial was not an injunction by interlocutory order within the scope of section 129.

The Supreme Court in Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, discussed the effect of section 129 and pointed out the distinction between mere stays which a court of law as well as a court of equity may grant by virtue of inherent power to control the progress of a cause pending before it in furtherance of orderly processes of justice, on the one hand, and injunctions given by a court of equity, on principles peculiar to equity, to stay proceedings in another cause pending before the same court or before another court, on the other hand. It was held that an order made under section 274b of the Judicial Code, 28 U.S.C. § 398, 28 U.S.C.A. § 398, staying further progress in an action at law until after the trial of an equitable defense, was in substance an injunction, to the same extent as if the court had acted under the older procedure of a separate suit in equity, and was appealable by reason of section 129. Shanferoke Coal & Supply Corporation v. Westchester Service Corporation, 293 U.S. 449, '55 S.Ct. 313, 79 L.Ed. 583, is to the same effect. In the present case the order which aggrieves the plaintiff is merely a temporary stay imposed by the district court as part of its control over the cause pending before it. It affects only the time of trial and amounts to nothing more than a continuance. It is not analogous to a stay against proceedings in another cause or to a stay granted under section 274b of the Judicial Code. A trial in the present case will be held and the issues tried out if the parties insist, whatever the outcome of the case in the Court of Customs and Patent Appeals.

The order appealed from not being a final decision and not amounting to an interlocutory injuncton within the meaning of section 129, the appeal must be dismissed.