**UNITED STATES FIDELITY & GUARAN-
TY CO. v. NAUER et al.**

**Civ. A. No. 505.**

District Court, D. Massachusetts.

Jan. 23, 1941.

James F. Casey and John E. Hartnett, Jr., both of Boston, Mass., for plaintiff.

Michael E. Mooney and John M. Russell, both of Boston, Mass., for defendants Michael Kilroy and Cecil G. McCollem.

Henry W. Hardy, Ralph H. Willard, and Willard, Allen & Mulkern, all of Boston, Mass., for defendant Richard H. Nauer.

SWEENEY, District Judge.

The plaintiff has filed a petition for a declaratory judgment seeking a cancellation of a policy of motor vehicle insurance on the ground that the defendant Nauer procured the policy through fraud in misstating that he was a resident of New Hampshire, whereas, in fact, he was a resident of the Commonwealth of Massachusetts.

The defendants Kilroy and McCollem, who are plaintiffs in the state court action against Nauer, have demanded a trial by jury in the action before this court. Nauer gets the benefit of these claims under Rule 39(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff insurance company has filed a motion "(1) To find that a right of trial by jury * * * does not exist under the Constitution or Statutes of the United States", and "(2) To try the above-entitled action without a jury."

The Declaratory Judgment Act, 28 U.S.C.A. § 400(3), provides as follows: "When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

Rule 57 of the Rules of Civil Procedure provides: "The procedure for obtaining a declaratory judgment * * * shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39."

Rule 38(b) provides: "Any party may demand a trial by jury of any issue triable of right by a jury * * *."

The words "triable * * * by a jury" must relate to a case triable as of right by a jury under the Seventh Amendment to the Constitution of the United States. Pacific Indemnity Co. v. McDonald et al., 9 Cir., 107 F.2d 446. Such a case would be an action at law by the insured Nauer to recover from this plaintiff any judgment paid by him to the plaintiffs in the state court action.

The right of the defendant Nauer to proceed along such lines as he may choose to enforce the terms of the policy cannot be affected by the Declaratory Judgment Act. The Act shows clearly that it neither intended to enlarge nor destroy the right to trial by jury. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.

Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 311, 79 L.Ed. 440, held that, in a suit instituted by a beneficiary to recover the proceeds of a life insurance policy issued by the defendant, the equitable defense that the insurance was obtained through fraud was not a matter which should have been withheld from the jury and heard by the court separately since it was at law a proper defense to the suit instituted by the plaintiff. The court there applied the test whether the defense was available in an action at law, and, finding it so available, denied the right to a hearing "by a chancellor according to equity procedure in advance of the trial by jury at law of any purely legal issues."

While not entirely governed by the case of Pacific Indemnity Co. v. McDonald et al., supra, some language of that decision is applicable here. The court there stated [107 F.2d 448]: "It follows from what we have said that we simply have a situation herein where a party who has issued a policy of insurance anticipates a suit thereon by the insured * * * and to avoid delay brings the matter before the court by petition for declaratory relief. In such a proceeding, although the parties are reversed in their position before the court, * * * the issues are ones which in the absence of the statute for declaratory relief would be tried at law by a court and jury."

The plaintiff's motion is therefore denied in its entirety.