## BECKHARDT v. NATIONAL POWER & LIGHT CO.

### No. 38, Docket 20689.

Circuit Court of Appeals, Second Circuit.

Nov. 20, 1947.

Israel Beckhardt, of New York City, pro se, plaintiff-appellant.

Bernal D. Seamster, of New York City (Reid & Priest and Ralph M. McDermid, all of New York City, on the brief), for defendant-appellee.

Roger S. Foster, Sol., Harry G. Slater, Chief Counsel, Pub. Utilities Div., and David Ginsburg and Myer Feldman, Attys., Securities and Exchange Commission, for the Securities and Exchange Commission, amicus curiae.

Before SWAN, CHASE and CLARK, Circuit Judges.

PER CURIAM.

The order appealed from left the plaintiff's action pending before the court, to be actively resumed at least as soon as the Securities and Exchange Commission had rendered its decision as to the plaintiff's fees in a proceeding now pending before it, and possibly even sooner if the court so chose. Complete control of the cause still lay with the court. Consequently the order was not a final judgment. Nor was it the grant of an injunction under 28 U.S. C.A. § 227. It was, as Judge Patterson pointed out in a similar case, "merely a temporary stay imposed by the district court as part of its control over the cause pending before it," which "affects only the time of trial and amounts to nothing more than a continuance," and "is not analogous to a stay against proceedings in another cause or to a stay granted under section 274b of the Judicial Code [28 U.S. C.A. § 398]." Cover v. Schwartz, 2 Cir., 112 F.2d 566, 567. See also Triangle Conduit & Cable Co. v. National Electric Products Corporation, 6 Cir., 127 F.2d 524; United States v. Horns, 3 Cir., 147 F.2d 57, 60; Dowling Bros. Distilling Co. v. United States, 6 Cir., 153 F.2d 353, 356, certiorari denied Gould v. United States, 328 U.S. 848, 66 S.Ct. 1120, 90 L.Ed. 1622; United States v. Mayfair Meat Packing Corporation, 2 Cir., 158 F.2d 685, 686, certiorari denied Mayfair Meat Packing Corporation v. United States, 331 U.S. 805, 67 S.Ct. 1187. Hence we have no jurisdiction to consider this appeal, and defendant's motion to dismiss it must be granted. Accordingly we have not before us the plaintiff's claims of a conflict in jurisdiction between the Commission and the district court in the premises.

Appeal dismissed.