**REPUBLIC OF CHINA et al. v. NATIONAL CITY BANK OF NEW YORK.**

Petition of REPUBLIC OF CHINA et al.

No. 132, Docket 22196; Docket 22198.

United States Court of Appeals Second Circuit.

Argued Dec. 10, 1951.

Decided Feb. 4, 1952.

Kirlin, Campbell & Keating, New York City, for plaintiffs-appellants-petitioners; Cletus Keating, Robert E. Kline, Jr., Louis Gusmano, New York City, of counsel.

Shearman & Sterling & Wright, New York City, for defendant-appellee and for respondents; Chauncey B. Garver, W. Harvey Reeves, New York City, of counsel.

Before CHASE, CLARK and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellants have appealed from two orders which, together, granted the motion of the appellees made pursuant to Section 51–a of the New York Civil Practice Act,[1] .

1. "§ 51–a: Action to be commenced within one year after notice. 1. No action for the recovery of any sum of money due and payable under or on account of a contract, or for any part thereof, shall be commenced by any person who has made claim to said sum, after the expiration of one year from the giving of notice, as hereinafter provided, to the said claimant that an action commenced by another person is pending to recover said sum or any part thereof exceeding fifty dollars in amount. The limitation herein prescribed shall not be construed to enlarge the time within which the cause of action, if any, of the said claimant would otherwise be barred.

"2. If any person shall make claim for the recovery of any sum of money due and payable under or on account of a contract, and an action has theretofore been, or shall thereafter be, commenced by another person to recover the said sum or any part thereof exceeding fifty dollars in amount, the defendant in such action may, within twenty days from the date of service upon him of the complaint therein, or within twenty days from the date of receipt by him of said claim, whichever shall occur later, make application to the court in which the said action is pending, upon notice to the plaintiff, for an order permitting the defendant to give notice to the said claim-

for leave to give notice of the pendency of the action to alleged adverse claimants and stayed the suit for one year from the date that such notice was given. The appellants have also filed a petition for mandamus to obtain relief from the orders in the event that their appeal is dismissed.

The Republic of China, recognized by the United States as the lawful government of that country, the Shanghai-Nanking Railway Administration, an agency of the Republic of China, and two individuals, Moh Han and Sau Chen, who are the director and the deputy director, respectively, of that agency brought suit to recover a credit balance on deposit with The National City Bank of New York in an account standing in the name of "Shanghai-Nanking Railway Administration."

The complaint alleged that payment of the credit balance had been demanded and refused in April 1949; that subsequently the two named individual appellants were certified by the Secretary of State of the United States, pursuant to the provisions of Section 632 of Title 12 U.S.C.A.,[2] as the persons authorized to receive the balance in the account but that their demand

---

ant that such action is pending. The court in which such action is pending must grant such order where it appears that a person not a party to the action has made claim against the defendant for the said sum of money or a part thereof exceeding fifty dollars in amount; that the said action was brought without collusion between the defendant and the plaintiff therein; and that the said claimant cannot, with due diligence, be personally served with process within this state. * * *

"3. Upon proof by affidavit or otherwise, to the satisfaction of the court, that an action is pending therein for the recovery of any sum of money due and payable under or on account of a contract, and that some person not a party to the action, without collusion with the defendant in the said pending action, has claimed or demanded the said sum of money or any part thereof, exceeding fifty dollars in amount, and that the defendant in said action has given due notice to the claimant, as hereinbefore prescribed, that such action is pending, the court shall make an order staying further prosecution of the said action for a period not to exceed one year from the date when said notice shall have been given to the said claimant.

* * * * *

"4. Whenever claims are made by two or more persons, each claiming a right to recover the same sum of money due and payable under or on account of a contract on behalf of the same person on the ground that each respectively is, to the exclusion of the other, the duly authorized deputy, officer or agent to demand, receive, collect, sue for or recover the same sum of money, due and payable under or on account of a contract, or any part thereof, exceeding fifty dollars in amount, for and on behalf of the said person, each said claim shall be deemed an adverse claim. Any person making such a claim, as herein defined, shall for the purposes hereof be deemed an adverse claimant, notwithstanding an action has been commenced in the name of or on behalf of the person, of or for which he claims he is the duly authorized deputy, officer or agent, and any such adverse claimant may be notified of the pendency of an action as herein provided and may intervene in such pending action and be designated as claiming to be or as the alleged deputy, officer or agent of the said person. * * *"

2. "* * * Whenever (1) any insured bank has received any property from or for the account of a foreign state which is recognized by the Government of the United States, or from or for the account of a central bank of any such foreign state, and holds such property in the name of such foreign state or such central bank; (2) a representative of such foreign state who is recognized by the Secretary of State as being the accredited representative of such foreign state to the Government of the United States has certified to the Secretary of State the name of a person as having authority to receive, control, or dispose of such property; and (3) the authority of such person to act with respect to such property is accepted and recognized by the Secretary of State, and so certified by the Secretary of State to such insured bank, the payment, transfer, delivery, or other disposal of such property by such bank to or upon the order of such person shall be conclusively presumed to be lawful and shall constitute a complete discharge and release of any liability of such bank for or with respect to such property. * * *"

for payment had again been refused. Jurisdiction of the suit is based on Sec. 632 of Title 12 U.S.C.A.[3]

The appellee, before answer, moved for and obtained the orders above noted. The affidavits in support of the motions alleged that claimants adverse to the appellants had demanded payment of the credit balance in the above named account and that the bank had refused the demands to all claimants because it was unable to determine which of them was entitled to payment. Upon finding that there were such adverse claimants the court entered the orders appealed from.

 We cannot reach the merits of this appeal since these orders were not final in the jurisdictional sense. The first order merely permitted the appellee to give notice of the suit to adverse claimants for the purpose of obtaining their intervention and cannot be distinguished from an order permitting intervention which we have held to be not final and, hence, not appealable. Sorensen v. United States, 2 Cir., 160 F.2d 938. The second order only postponed the prosecution of the suit and, as such, lacked the finality necessary to give this court jurisdiction to review it at this time. Beckhardt v. National Power & Light Co., 2 Cir., 164 F.2d 199; Phillips v. Securities and Exchange Commission, 2 Cir., 171 F.2d 180. The contention that the stay order is in effect a temporary injunction reviewable under Section 1292 of Title 28 U.S.C. has been made on the authority of Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 but, in view of the latter decision in City of Morgantown v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347, we cannot agree.

Nor is this a situation where mandamus is an appropriate remedy. Nothing has been done to deprive this court of jurisdiction to review these orders upon appeal from a final judgment. See, Mottolese v. Kaufman, 2 Cir., 176 F.2d 301; Czuzcka v. Rifkind, 2 Cir., 160 F.2d 308. Furthermore, there are no over-riding public policy considerations which make prompt review imperative. See, Ex Parte Kumezo Kawato, 317 U.S. 69, 63 S.Ct. 115, 87 L.Ed. 58. On the contrary, there has but been a time fixed within which the case cannot be brought to trial and, since the district court's docket is so congested that very likely the case would not ordinarily be reached for trial before the expiration of the stay, we can see no reason for granting the extraordinary relief requested.

---

3. "* * * Any suit or other legal proceeding against any insured bank or any officer, director, or employee [for any property received from or for the account of a foreign state which is recognized by the Government of the United States, or from or for the account of a central bank of any such foreign state] shall be deemed to arise under the laws of the United States and the district courts of the United States shall have exclusive jurisdiction thereof, regardless of the amount involved; and any such bank or any officer, director, or employee thereof which is a defendant in any such suit may, at any time before trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. * * *"