NEW YORK, NEW HAVEN AND HART-
FORD RAILROAD COMPANY,
Appellant,

v.

LEHIGH AND NEW ENGLAND RAIL-
ROAD COMPANY, Appellee.

BOSTON AND MAINE RAILROAD,
Appellant,

v.

LEHIGH AND NEW ENGLAND RAIL-
ROAD COMPANY, Appellee.

Nos. 251, 252, Dockets 26505–26506.

United States Court of Appeals
Second Circuit.

Argued Feb. 15, 1961.

Decided March 8, 1961.

Herbert Burstein, New York City (William T. Griffin, New York City, on the brief), for appellants Boston & Maine Railroad and New York, New Haven and Hartford Railroad Company.

Covington Hardee, New York City (Donald L. Wallace, James E. Pratt and Clark, Carr & Ellis, New York City, on the brief), Harold B. Bornemann, of counsel, for appellee Lehigh and New England Railroad Company.

Before LUMBARD, Chief Judge, and CLARK and SMITH, Circuit Judges.

PER CURIAM.

The plaintiff-appellants, both of which sued the defendant railroad for balances allegedly due the plaintiffs for interline freight operations, moved below for summary judgment and, alternatively, for orders striking parts of the defendant's answers and its counterclaim or staying or severing proceedings on the counterclaims pending a determination by the Interstate Commerce Commission. All these motions, as well as the defendant-appellee's cross-motion for a stay, were denied by the district judge without prejudice to renewal. D.C.S.D.N.Y.1960, 188 F.Supp. 486. The plaintiff-appellants now appeal only from so much of the district judge's orders as denied the motion to stay proceedings on the counterclaims.

The denial of the stay is clearly not appealable. The district judge refused to grant the stay not because he decided, as a matter of law, that no stay was appropriate although a similar claim was then pending before the Interstate Commerce Commission, but because he found "simply too many gaps in the proof to reach any definitive conclusion." The motions were denied without prejudice to renew. The decision now being appealed, therefore, was altogether tentative. It amounted to a postponement of the merits of the motion to stay until the issues became more clearly defined.

Moreover, the grant or denial of a motion to stay proceedings pending before the court, even if decided on the merits, is not ordinarily appealable. See Cover v. Schwartz, 2 Cir., 1940, 112 F.2d 566; Beckhardt v. National Power and Light Co., 2 Cir., 1947, 164 F.2d 199; Day v. Pennsylvania R. R., 3 Cir., 1957, 243 F.2d 485; American Airlines v. Forman, 3 Cir., 1953, 204 F.2d 230. The unusual circumstances calling for application of the rule of Enelow v. New York Life Insurance Co., 1934, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, are not present here. The requested stay related to the manner in which proceedings before trial

were to be conducted, and before the merger of law and equity, would not have required the intervention of a chancellor. See City of Morgantown, W. Va. v. Royal Insurance Co., 1949, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347.

The appeals are dismissed.