Giacomo **LA CAPRIA**, as Administrator of the Estate of Santo La Capria, Dec., Plaintiff-Appellee,

v.

**COMPAGNIE MARITIME BELGE,** Defendant,

and

William Spencer & Son Corp., Defendant-Appellant.

Docket 31109.

United States Court of Appeals Second Circuit.

Motion Argued Feb. 20, 1967.

Decided Feb. 27, 1967.

Sylvia Miller, New York City (Chester A. Hahn, New York City, of counsel), for plaintiff-appellee.

John Nielsen, New York City, for defendant-appellant Wm. Spencer & Son Corp.

Thomas H. Healey, New York City, for defendant Compagnie Maritime Belge.

Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.

FRIENDLY, Circuit Judge:

Santo La Capria, a longshoreman employed by Transoceanic Stevedoring Corp., brought this action to recover for personal injuries in the District Court for the Southern District of New York in 1962 against Compagnie Maritime Belge and Wm. Spencer & Son Corporation. Federal jurisdiction was grounded on diverse citizenship, 28 U.S.C. § 1332, plaintiff being allegedly a citizen of New Jersey and the defendants Belgian and New York corporations, respectively, and a jury trial was demanded. In their respective answers Wm. Spencer also demanded a jury trial but Compagnie Maritime Belge did not. Wm. Spencer later impleaded Transoceanic, plaintiff's employer; the latter also demanded a jury trial. Santo La Capria died in 1964, a resident of New York; an alien who was appointed his administrator by the New York courts was substituted as plaintiff, and the complaint was amended to assert a claim for Santo's wrongful death.

After 265 pages of pleadings, motions and memoranda had accumulated in the files of the District Court and discovery had been had, a pre-trial conference was held in June, 1965; here, apparently for the first time, Wm. Spencer challenged the court's jurisdiction on the basis that Santo La Capria had been a resident of New York when the suit was brought. Some fifteen months later the administrator moved for leave to amend the complaint to identify it as in admiralty under F.R.Civ.P. 9(h) and to transfer the action to a non-jury calendar. A rather muddy moving affidavit claimed that although Santo was a resident of New York at the date of the accident and also of his death, he had resided in New Jersey for a short period when the action was brought but expressed apprehension whether there was jurisdiction over the death claim under 28 U.S.C. § 1332. Wm. Spencer's attorney responded with the argument, rather inconsistent with its previous position of lack of jurisdiction under the diversity statute, that all this was a pretense on the part of plaintiff to avoid a jury trial; it relied on the principle that once diversity jurisdiction has attached, a subsequent change in citizenship does not destroy it. See Wright, Federal Courts § 28 (1963). Compagnie Maritime Belge supported plaintiff's motion, stating its belief that plaintiff had some real cause for worry both about Santo's citizenship in 1962 and over the death claim, which it thought would be regarded as a separate claim not cognizable under § 1332(a) (2) because of the presence of aliens on both sides.[1] Finding that "as presented by either side the diversity issue is not factually convincing," Judge Cooper denied the motion "without prejudice to renewal at the proper time." When plaintiff immediately renewed the motion on somewhat fuller papers, which the judge regarded as containing "persuasive evidence that this Court lacks diversity jurisdiction," he granted the motion. Amended pleadings were served, bringing the file to the

---

1. We intimate no position as to any of these questions.

impressive total of 369 pages; Wm. Spencer appealed; and plaintiff, with the continued assent of Compagnie Maritime Belge, moved to dismiss for want of appellate jurisdiction.

No discussion is required to show that the order appealed from is neither a final decision under 28 U.S.C. § 1291 nor an interlocutory decree "determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed," 28 U.S.C. § 1292(a) (3), see In re Wills Lines, Inc., 227 F.2d 509 (2 Cir. 1955), cert. denied, Tankport Terminals Inc., v. Wills Lines, 351 U.S. 917, 76 S.Ct. 709, 100 L.Ed. 1450 (1956). Hence the only possible basis for jurisdiction in this court is that the district judge enjoined proceedings on the "law side" and directed them on the "admiralty side," thereby making an interlocutory injunctive order within 28 U.S.C. § 1292 (a) (1). So, appellant argues, Modin v. Matson Navigation Co., 128 F.2d 194 (9 Cir. 1942), held, on the authority of Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935). But Enelow, its companion, Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935), decided the same day, and their progeny, notably Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942), were cases where a judge was thought to have acted as a chancellor and to have enjoined proceedings at law because of an equitable defense or a claim for arbitration—the kind of action that an equity court might have taken when law and equity were separate, see 293 U.S. at 381–382, 55 S.Ct. 310. These well-known and much debated decisions did not present a situation where the judge merely held he might be without jurisdiction "at law" because of lack of diversity and could proceed only by availing himself of his jurisdiction in admiralty, the only practical effect being to eliminate jury trial.

As against this we have held that the striking of a plaintiff's jury demand on defendant's motion in what the plaintiff insisted to be an action at law and the defendant claimed to be a suit in equity amounted to an injunction against plaintiff's proceeding with his "law" claim and was therefore appealable under Enelow and Ettelson. Ring v. Spina, 166 F.2d 546, 548–549 (2 Cir.) cert. denied, 335 U.S. 813, 69 S.Ct. 30, 93 L.Ed. 368 (1948). But the continued authority of Ring v. Spina on this point has been placed in some doubt by the recent decision in Schine v. Schine, 367 F.2d 685, 688 fn. 1 (2 Cir. 1966). Moreover, the principle of Ring v. Spina and also the precise holding in Modin v. Matson Navigation Company, supra,[2] are scarcely applicable when, as here, it is the plaintiff who no longer wishes to proceed at law; to envision the chancellor contemplating an injunction to require a plaintiff to keep on proceeding at law despite the plaintiff's desire to shift to admiralty in order to avoid jurisdictional doubts would carry the "element of fiction" recognized as inhering in Enelow, see Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 184, 75 S.Ct. 249, 99 L.Ed. 233 (1955), beyond permissible bounds. Prior criticism of the conceptualism on insistence on the two-sidedness of a single court, see B. Currie, The Silver Oar and All That: A Study of the Romero Case, 27 U.Chi.L.Rev. 1, 6–7, 23–40 (1959), gains added force from the recent amendment of the Federal Rules of Civil Procedure to include admiralty cases.

We think it high time that this long-pending case be tried.

The motion to dismiss the appeal is granted.

---

**2.** Professor Moore regards the *Modin* decision as "questionable," 6 Federal Practice ¶54.06 [5] at 43 (1964 ed.); because of the distinction above noted, we are not required to decide whether we would follow it on its own facts. See also 5 Moore, Federal Practice ¶39.13 [2].